## DEPARTMENT OF CORRECTIONS, Petitioner

v.

## OFFICE OF OPEN RECORDS, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 24, 2010.
Decided April 6, 2011.

---

Theron R. Perez, Assistant Counsel, Camp Hill, for petitioner.

Nathanael Byerly, Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and SIMPSON, Judge, and BROBSON, Judge.

OPINION BY Judge BROBSON.

Petitioner Pennsylvania Department of Corrections (DOC) petitions for review of an order of Respondent Pennsylvania Office of Open Records (Open Records), which granted in part and denied in part an appeal filed by Alfonso Rizzuto (Requester) for certain information from DOC under the Pennsylvania Right–to–Know Law (RTKL).[1] For the reasons set forth below, we reverse.

On January 27, 2010, Requester submitted a handwritten request for information to DOC under the RTKL. Of the twelve (12) items of information set forth in his letter, only one is at issue in this appeal— namely, Requester's request for the follow-

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–.3104.

ing: "Request to review medical license of sick call nurse on 1/11/2010 claiming to be a doctor at my sick call." (Reproduced Record (R.R.) 2a.) DOC granted in part and denied in part the request. With respect to the information at issue in this appeal, DOC denied the request due to a lack of specificity:

> Your request fails to identify or describe the records that you seek with sufficient specificity to enable the RTKL Office to ascertain which records that you seek. Consequently, your request is denied pursuant to *65 P.S. § 67.703*.[2] The Department cannot determinate what nurse allegedly claimed to be your doctor based upon the description provided."

(R.R. 10a. (citations omitted) (emphasis in original).)

Requester filed a timely appeal of the denial with Open Records. His handwritten appeal included five numbered paragraphs. Paragraphs one through four set forth what amounts to procedural history. The fifth paragraph provides: "The above Pa. right to know requests are public." (R.R. 14a.)

In response to the appeal, Open Records apparently sent a written request to DOC for information substantiating the legal and factual basis for denying the request.[3] In its response to Open Records' request, DOC demurred to Requester's appeal, arguing that Requester's appeal failed to comply with Section 1101(a) of the RTKL, which provides, *inter alia*, the following with respect to appeals to Open Records: "The appeal *shall state* the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and *shall address* any grounds stated by the agency for delaying or denying the request." 65 P.S. § 67.1101(a) (emphasis added). In its substantive response to the appeal, DOC asserted again that it justifiably denied the request for failure of the request to satisfy the specificity requirement in Section 703 of the RTKL. DOC also argued that responding to the request would require DOC to disclose Requester's medical records and medical information, which are exempt under Section 708(b)(5) of the RTKL.[4]

Open Records issued a final determination on Requester's appeal on April 26, 2010. The final determination did not address DOC's claim that Requester failed to file with Open Records a valid appeal of DOC's denial. In addressing the merits of DOC's denial, Open Records acknowledged that Section 703 of the RTKL directs that a requester "should identify or describe the records sought with sufficient specificity to enable the agency to discern which records are being requested." Open Records, however, rejected DOC's arguments that (a) the request was deficient under Section 703 because Requester failed to identify in his request the name of the nurse who treated him and (b) DOC could not identify the nurse without reviewing Requester's medical records. Open Records reasoned:

> DOC cannot maintain that it cannot access [Requester's medical records] to

**2.** Section 703 of the RTKL provides, in relevant part: "A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested...."

**3.** This fact is only apparent to the Court because a copy of DOC's written response to Open Records' request is part of the certified record on appeal to this Court. The Open Records request to DOC, however, is not part of the certified record.

**4.** 65 P.S. § 67.708(b)(5).

find the identity of the sick-call nurse at the time Requester was treated. DOC presumably has records indicating which nurses were on-duty at sick-call on that day, at the time Requester was treated, and so can discern whose "medical license" is being sought. DOC did not assert that there was more than one nurse on duty on the date and time at issue.

[Open Records] does not find the request insufficiently specific because the nurse is unidentified. The date and time of her treatment is accessible to DOC so her identity can be ascertained by DOC. The record described is thus sufficiently described despite not naming the nurse who treated him.

(R.R. 30a.) Despite rejecting DOC's claim that the request lacked the requisite level of specificity, Open Records noted that it was not making a finding on whether the record sought—"medical license of sick call nurse on 1/11/2010 claiming to be a doctor as my sick call"—actually exists. Thus, Open Records held that DOC was only required to produce the requested information "[t]o the extent that responsive records exist." (*Id.* 31 a.)[5]

 DOC filed a timely appeal with this Court,[6] raising the following issues for our review: (1) whether Open Records has standing to participate in this appeal; (2) whether Open Records erred in failing or refusing to dismiss/deny Requester's appeal for failure to comply with Section 1101(a) of the RTKL; and (3) whether Open Records erred in granting Requester's appeal because it means that DOC must review and disclose information relating to Requester's medical care.

## Open Records' Participation In This Appeal

In compliance with Section 1303(a) of the RTKL, 65 P.S. § 67.1303(a), DOC served its Petition for Review in this appeal on Open Records and Requester. Requester, however, did not seek to intervene or otherwise participate in this appeal. Open Records has filed a brief as *amicus curiae*, addressing only the issue of whether it properly considered Requester's appeal of DOC's denial. We interpret Open Records' decision to file a brief *amicus curiae* as a reaction to our decision in *East Stroudsburg University Foundation v. Office of Open Records*, 995 A.2d 496 (Pa. Cmwlth.2010) (en banc), which we filed four days after DOC filed its Petition for Review. In *East Stroudsburg*, we held that Open Records does not have standing to defend its decisions on appeal, because it is not aggrieved by the release of anoth-

5. Open Records also noted that DOC did not assert or cite an exemption that would justify denial of the request. (*Id.*)

6. "The scope of review for a question of law under the [RTKL] is plenary." *Stein v. Plymouth Twp.*, 994 A.2d 1179, 1181 n. 4 (Pa. Cmwlth.2010). In *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa.Cmwlth.2010) (en banc), *appeal granted*, —— Pa. ——, 15 A.3d 427 (2011), we concluded that our standard of review under the RTKL is as follows: "A reviewing court, in its appellate jurisdiction, independently reviews [Open Records'] orders and may substitute its own findings of fact for that of the agency." *Id.* at 818. Further, "a court reviewing an appeal from a [decision of an Open Records] hearing officer is entitled to the broadest scope of review." *Id.* at 820. Under this broad standard we review "the record on appeal," which includes: the request for public records, the agency's response, the appeal, the hearing transcript, and the final written determination of the appeals officer. *Id.* at 820–21. Additionally, this Court may review other material, including party stipulations and also may conduct an *in camera* review of the documents at issue. *Id.* at 820–23. Finally, we may supplement the record by conducting a hearing or direct such supplementation by remanding the matter to Open Records. *Id.* at 823 n. 11.

er agency's records. *East Stroudsburg*, 995 A.2d at 507.

Based on the foregoing, we are satisfied that Open Records does not assert party status in this appeal. DOC has not objected to Open Records' participation in this appeal as *amicus curiae*. Accordingly, the Court need not address DOC's claim that Open Records lacks standing to participate as a party respondent in this proceeding.

### Legal Sufficiency of Requester's Appeal to Open Records

■ DOC argues that Open Records should have rejected Requester's appeal because the written appeal failed to comply with Section 1101(a) in that it (1) failed to state the grounds upon which Requester claimed that the "medical license" of the nurse in question was a "public record", and (2) failed to address DOC's reason for denying the request (*i.e.,* alleged lack of specificity). DOC argues that Section 1101(a) places an affirmative duty on requesters to lodge a minimally sufficient appeal and that satisfaction of this duty is a condition precedent for Open Records to consider a requester's challenge to an agency's denial.

In support of its argument, DOC refers the Court to Section 3.5 of the predecessor to the RTKL,[7] which provided requesters with the right to file exceptions with an agency head following a decision of the agency to deny a request, but directed that "[i]f a written request for access is denied ... the requester may file exceptions with the head of the agency ... The exceptions shall state *grounds upon which the requester asserts that the record is a public record and shall address any grounds stated by the agency for ... denying the request.*" (Emphasis added.) Noting the similarity between this language in the

former law and Section 1101(a) in the current RTKL, DOC cites the rule of statutory construction that when the General Assembly, in amending laws, uses the same language of a predecessor law, courts should interpret the language in the same manner as the predecessor. 1 Pa.C.S. § 1921(c)(5); *Bowling*, 990 A.2d at 821. DOC notes that in an earlier interpretation of this language in the prior iteration of the RTKL, this Court concluded that an agency was justified in dismissing exceptions to a RTKL request because the requester failed (a) to state in his exceptions why the records he sought were public records and (b) to address the grounds the agency expressed in denying the request. *Martella v. Dep't of Transp.*, 841 A.2d 633 (Pa.Cmwlth.2004).

DOC urges us to apply *Martella* in this case. Applying *Martella* and Section 1101(a), DOC claims that Requester's appeal to Open Records was clearly deficient. As to why the records sought were "public records," the written appeal provided only that the "above PA right to know requests are public." The written appeal did not address DOC's claim that the original request lacked the level of specificity required under Section 703 of the RTKL. Accordingly, the appeal was legally deficient and, as a consequence, Open Records should have denied it.

In its *amicus curiae* brief, Open Records maintains that DOC is wrong for the following reasons: (1) a requester's conclusory statement that requested information is public under the RTKL satisfies Section 1101(a) where the appeal, on its face, indicates that a requester is appealing an agency's denial under the RTKL; (2) Open Records has the discretion to decide whether an appeal is sufficient under the

---

7. Act of June 21, 1957, P.L. 390, *as amended,* added by the Act of June 29, 2002, P.L. 663, 65 P.S. § 66.3–5, repealed by the Act of February 14, 2008, P.L. 6, § 3102(2)(ii).

RTKL; (3) the new RTKL places the burden of proving the merits of the denial on the agency and thus the requester has no affirmative obligation to refute the denial; and (4) DOC was not prejudiced by Open Records' decision to hear the appeal.

Our resolution of this issue must be governed by the clear and unambiguous language chosen by the General Assembly in Section 1101(a) of the RTKL—language, incidentally, that the General Assembly also used in the prior version of the RTKL. In *Martella,* the Court explained that exceptions (which were the method by which a requester under the old RTKL sought to challenge an agency records officer's decision in an appeal to the agency head) served the purpose of providing a method to "point out mistakes of fact or law" to a judicial body reviewing a decision "so that the trial judge has an opportunity to correct [the mistakes] before an appeal is lodged." *Id.* at 637. The Court noted that "[p]roperly presented exceptions will allow the agency to correct its errors thereby obviating the need for an appeal." *Id.* The Court further observed that, under the General Rules of Administrative Practice and Procedure, 1 Pa.Code §§ 35.211–35.214 (which were applicable under the former RTKL in executive agency RTKL cases), "the effect of a failure to file timely exceptions will be deemed a waiver to objections to a proposed report of the hearing officer." *Id.* n. 13.

Open Records is correct that the General Assembly's adoption of the present RTKL resulted in a broad change to the previous RTKL—changes that were meant to make it easier for the public to access public records. The new law, however, retained the process for a reviewing body to correct errors of agency records officers responding to RTKL requests. In *Martella,* we concluded that under the previous RTKL the forum for error correction existed within an agency as a means to avoid appeals to a judicial tribunal. The present RTKL similarly vests in Open Records the power to correct the errors of an agency. Therefore, because Open Records serves such a function, it is appropriate and, indeed, statutorily required that a requester specify in its appeal to Open Records the particular defects in an agency's stated reasons for denying a RTKL request.

Open Records argues that such an interpretation would improperly shift the burden of proving a record is a "public record" accessible under the RTKL to a requester. By concluding that this requirement is mandatory we are not requiring a requester to *prove* anything; the provision merely places a burden on a requester to *identify* flaws in an agency's decision denying a request. Consequently, we agree with DOC that when a party seeks to challenge an agency's refusal to release information by appealing to Open Records, that party must "address any grounds stated by the agency for ... denying the request." This is a typical requirement in any process that aims to provide a forum for error correction. We do not see it as a particularly onerous requirement, whether the requester has the benefit of legal counsel or is *pro se.*

Here, Requester's written appeal to Open Records was clearly deficient. We agree with Open Records that it does have a certain amount of discretion on how to address and remedy a deficient appeal. In this case, however, Open Records simply ignored the deficiency and even failed to address DOC's demurrer in its final determination. Open Records, therefore, should not have proceeded, as it did, to decide Requester's appeal in its deficient form. We, therefore, are compelled to reverse Open Records' final determination in this case.[8]

8. Because we find that Open Records erred in deciding Requester's clearly deficient appeal,

## ORDER

AND NOW, this 6th day of April, 2011, the order of the Office of Open Records is REVERSED.

we need not address DOC's remaining issue on appeal, which challenges the merits of Open Records' final determination.