**Benjamin BARNETT, Petitioner**

v.

**PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 19, 2013.

Decided June 12, 2013.

Benjamin Barnett, Philadelphia, for petitioner.

Leonard W. Crumb, Senior Assistant Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, BROBSON, Judge, and COVEY, Judge.

OPINION BY Judge COHN JUBELIRER.

Benjamin Barnett (Requester) petitions for review of the Final Determination of the Office of Open Records (OOR) dismissing his appeal (OOR Appeal), without ad-

dressing the merits, from the Department of Public Welfare's (DPW) denial of Requester's Right–to–Know Law[1] (RTKL) Request (Request) because the "[a]ppeal failed to address agency grounds for denial of access to records."[2] (Final Determination.) Requester argues on appeal that the OOR erred by summarily dismissing the OOR Appeal when he satisfied the statutory requirements and specifically addressed the grounds stated by DPW in denying the Request.

The certified record in this matter reveals that on June 8, 2012, Requester filed the Request, via email, with DPW seeking access to the following information:

1. Data or Documents prepared since January 1, 2008 that report, discuss, or otherwise relate to data on phone calls to the County Assistance Office(s), Statewide Customer Service Center(s) or the Philadelphia Customer Service Center, including but not limited to, caller wait times, calls answered, calls unanswered due to system overflow, calls not able to be placed into a queue, and calls rerouted to the District Offices;

2. Data or Documents prepared since January 1, 2008 that report, discuss, or otherwise relate to in-person wait times at the County Assistance Office(s);

3. Data or documents prepared since January 1, 2008 that report, discuss, or otherwise relate to the reasons for the County Assistance Office(s) application denials, including but not limited to, the specific reasons for the denials and the specific documents missing to justify any code 042 denials;

4. Data or documents prepared since January 1, 2008 that report, discuss, or otherwise relate to trouble tickets resolved by the District Offices, including but not limited to, trouble tickets sent to the Philadelphia County Assistance Office(s) by the Philadelphia Customer Service Center;

5. Data or documents prepared since January 1, 2008 that report, discuss, or otherwise relate to the SAR Corrective Action Plan for Philadelphia County;

6. Data or documents prepared since January 1, 2008 that report, discuss, or otherwise relate to the "PA9–SP reports", including but not limited to, the reports themselves;

7. Data or documents prepared since January 1, 2008 that report, discuss, or otherwise relate to the "Consolidated Applications Report—Approved Applications", including but not limited to, the reports themselves; and

8. Data or documents prepared since January 1, 2008 that report, discuss, or otherwise relate to "Rejection Analysis" of applications in the County Assistance Office(s), including but not limited to, the timeliness or time frame(s) of such rejections or denials.

(Request at 1–2, R.R. at 19a–20a.) After seeking additional time to respond, DPW notified Requester by a 13–page letter dated July 16, 2012, that the Request was granted, in part, and denied, in part (Response).[3] (DPW Response at 1–13, R.R. at

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. Section 1101(a)(1) of the RTKL provides, in pertinent part, that an appeal to the OOR "shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the

agency for delaying or denying the request." 65 P.S. § 67.1101(a)(1).

3. DPW granted partial access to the information sought in paragraphs 2 and 8 of the Request and denied access in its entirety to the information sought in the remaining paragraphs. (DPW Response at 1–13, R.R. at 21a–33a.)

21a–33a.) Therein, in response to each of the eight paragraphs of the Request, DPW set forth detailed reasons for denying the requested information based upon specific provisions of the RTKL and both state and federal statutes and regulations. (DPW Response at 1–13, R.R. at 21a–33a.) With respect to paragraphs 1 and 4 of the Request, DPW also referred Requester to numerous authorities listed in Attachment A to its Response as additional support for the denial of the information sought in these paragraphs.[4] (DPW Response at 2, 7, R.R. at 22a, 27a; Attachment A—Laws Protecting Records About DPW Clients, R.R. at 34a.) DPW further advised Requester that, because of the breadth of the Request, DPW was including "Omnibus Responses" in order to avoid waiver of any defenses on appeal due to a failure to raise the same in its Response. (DPW Response at 10–11, R.R. at 30a–31a.) Therefore, DPW set forth a separate list of several omnibus reasons based upon the provisions of the RTKL for partially denying the Request. (DPW Response at 10–11, R.R. at 30a–31a.)

On August 6, 2012, Requester timely appealed to the OOR DPW's denial of the information sought in paragraphs 1, 2, 4, and 6 of the Request. (OOR Appeal at 1–4, R.R. 1a–4a.) Therein, Requester set forth why he believed the requested information constituted public records and addressed the grounds specific to each of these paragraphs as to why DPW denied access to the requested information. (OOR Appeal at 3–4, R.R. at 3a–4a.) However, Requester did not list or address the numerous authorities set forth in Attachment A to DPW's Response or DPW's "Omnibus Responses" based upon the provisions of the RTKL as DPW's grounds for denying the Request. (OOR Appeal at 3–4, R.R. at 3a–4a.) On August 7, 2012, the OOR issued a Final Determination in the form of a single-page checklist dismissing Requester's OOR Appeal as deficient because the "[a]ppeal failed to address agency grounds for denial of access to records." (Final Determination.) The Final Determination did not address the merits of Requester's OOR Appeal or offer any further explanation for the dismissal. (Final Determination.) Requester now petitions this Court for review of the OOR's Final Determination.[5]

Requester asserts that the OOR erred by summarily dismissing his OOR Appeal because the OOR Appeal addressed DPW's grounds for denying access to the information sought in paragraphs 1, 2, 4, and 6 of the Request. Requester asserts that, pursuant to this Court's decision in *Department of Corrections v. Office of Open Records*, 18 A.3d 429 (Pa.Cmwlth. 2011), his OOR Appeal sufficiently com-

---

**4.** Attachment A lists 28 separate provisions of state and federal law that DPW alleges protects its clients' records and are, therefore, exempt from disclosure pursuant to Section 102 of the RTKL, 65 P.S. § 67.102 (providing that a record is not public if it is "exempt from being disclosed under any other Federal or State law or regulation"). (Attachment A—Laws Protecting Records About DPW Clients, R.R. at 34a.)

**5.** Our scope of review on "a question of law under the [RTKL] is plenary." *Allegheny County Department of Administrative Services v. A Second Chance, Inc.*, 13 A.3d 1025, 1029 n. 3 (Pa.Cmwlth.2011) (citation omitted). In reviewing a final determination of the OOR, this Court "independently reviews the OOR's orders and may substitute its own findings of facts for [those] of the agency." *Bowling v. Office of Open Records*, 990 A.2d 813, 818 (Pa.Cmwlth.2010) (en banc), *petition for allowance of appeal granted in part*, 609 Pa. 265, 15 A.3d 427 (2011). As "we are not limited to the rationale offered in the OOR's written decision," "we . . . enter narrative findings and conclusions based on the evidence" and we explain our rationale. *Id.* at 820.

plies with the requirement of Section 1101(a)(1) of the RTKL, 65 P.S. § 67.1101(a)(1), that an appeal address the grounds stated by the agency for denying a request. Requester contends that his OOR Appeal identified and countered all of the independent grounds offered by DPW in its denial. Requester argues that the OOR ignored this discussion of the grounds for denial and, instead, stretched this Court's holding in *Department of Corrections* to require Requester to refute each and every exemption or statute cited by DPW, even though these legal authorities are not independent grounds for the denial. Finally, Requester contends that the OOR's Final Determination elevates form over substance and erects an obstacle for every requester seeking access to public records. .

In its Response DPW argues that this Court should give deference to the OOR's summary dismissal of Requester's OOR Appeal because the RTKL requires prompt action by the OOR; the summary dismissal form permits some requesters to correct any defects and re-file an appeal; and the RTKL permits a requester to obtain a duplicate denial, thereby enabling the requester to re-start the appeals clock with another appeal. DPW argues further that the OOR Appeal is deficient because it does not address DPW's "Omnibus Responses" or the authorities cited in Attachment A to DPW's Response. Thus, DPW asserts, the OOR did not err in dismissing Requester's OOR Appeal because, on its face, it does not comply with the requirements of the RTKL.

Our Supreme Court recently reaffirmed its holding "that the objective of the RTKL 'is to empower citizens by affording them access to information concerning the activities of their government.' " *Levy v. Senate of Pennsylvania,* — Pa. ——, ——, 65 A.3d 361, 381 (2013) (quoting *SWB Yankees LLC v. Wintermantel,* 615 Pa. 640, 661–62, 45 A.3d 1029, 1042 (2012)). Our Supreme Court has also held that the 'significant' changes to the RTKL enacted in 2008 "demonstrate a legislative purpose of expanded government transparency through public access to documents." *Id.* at ——, 65 A.3d at 381. "[C]ourts should liberally construe the RTKL to effectuate its purpose of promoting 'access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions.' " *Id.* (quoting *Allegheny County Department of Administrative Services v. A Second Chance, Inc.,* 13 A.3d 1025, 1034 (Pa. Cmwlth.2011) (citation omitted)).

Among the sections of the RTKL that have been cited "as supporting a legislative intent for broader public access" is the section at issue in this matter, Section 1101(a), 65 P.S. § 67.1101(a), which authorizes a requester to appeal an agency denial to the OOR. *Levy,* — Pa. at — n. 15, 65 A.3d at 381 n. 15. Section 1101(a)(1) provides that, if "a written request for access to a record is denied or deemed denied, the requester may file an appeal with the [OOR] ... within 15 business days." 65 P.S. § 67.1101(a)(1). "The appeal shall state the grounds upon which the requester asserts that the record is a public record ... *and shall address any grounds stated by the agency for ... denying the request.*" *Id.* (emphasis added). In *Department of Corrections,* this Court examined "the clear and unambiguous language chosen by the General Assembly in Section 1101(a) of the RTKL" and held that it is "statutorily required that a requester specify in [an] appeal to [OOR] the particular defects in an agency's stated reasons for

denying a RTKL request."[6] *Department of Corrections,* 18 A.3d at 434. We held further that "[b]y concluding that this requirement is mandatory we are not requiring a requester to *prove* anything; the provision merely places a burden on a requester to *identify* flaws in an agency's decision denying a request." *Id.* (emphasis in original). With the foregoing in mind, we now turn to the issue of whether Requester's written OOR Appeal in this case is deficient for failing to address grounds stated by DPW for denying Requester's RTKL Request.

We begin by reviewing DPW's denial of the information sought by Requester in paragraphs 1, 2, 4, and 6 of the Request and what Requester stated in his written OOR Appeal challenging DPW's denial. With respect to paragraph 1 of the Request, DPW stated in its Response that it was denying access to this information for the following reasons: (1) no new reports were created between February 2012, the date of Requester's last request for this information, and his current June 2012 Request; (2) to the extent paragraph 1 sought "trouble tickets" or "ticket reports," the information sought is a client-specific record and not "aggregated data" as defined by the RTKL;[7] therefore, these records are exempt from disclosure by the legal authorities cited in Attachment A and Section 708(b) of the RTKL, 65 P.S. § 67.708(b); and (3) the Request does not comply with the specificity requirements of Section 703 of the RTKL, 65 P.S. § 67.703. (DPW Response at 1–3, R.R. at 21a–23a.) DPW also included an additional list of numerous citations to the RTKL and state and federal statutes and regulations by which the requested information was allegedly protected in order to avoid a waiver of a defense in its Response.[8] (DPW Response at 3, R.R. at 23a.)

In his OOR Appeal addressing paragraph 1 of the Request, Requester states

---

**6.** In *Department of Corrections,* the requester, in his appeal to the OOR, only offered in support thereof a single conclusory statement that the RTKL requests were public. *Department of Corrections,* 18 A.3d at 431. The OOR accepted the appeal and ignored the Department of Correction's (DOC) arguments that the appeal should be dismissed because it failed to comply with Section 1101(a)(1) of the RTKL. *Id.* After the OOR issued a final determination granting requester's appeal, DOC appealed to this Court and repeated its argument that the OOR should have dismissed requester's appeal for failure to comply with Section 1101(a)(1). *Id.* at 432. The OOR, in its *amicus curiae* brief, argued that the requester's appeal was not deficient for the following reasons:

(1) a requester's conclusory statement that requested information is public under the RTKL satisfies Section 1101(a) where the appeal, on its face, indicates that a requester is appealing an agency's denial under the RTKL; (2)[OOR] has the discretion to decide whether an appeal is sufficient under the RTKL; (3) the new RTKL places the burden of proving the merits of the denial

on the agency and thus the requester has no affirmative obligation to refute the denial; and (4) DOC was not prejudiced by [OOR's] decision to hear the appeal.

*Id.* at 433–34. While we agreed that the OOR "does have a certain amount of discretion on how to address and remedy a deficient appeal," we held that the requester's appeal did not comply with Section 1101(a)(1) and that the OOR "should not have proceeded, as it did, to decide [the r]equester's appeal in its deficient form." *Id.* at 434.

**7.** *See* Section 102 of the RTKL, 65 P.S. § 67.102, defining "aggregated data" as "[a] tabulation of data which relates to broad classes, groups or categories so that it is not possible to distinguish the properties of individuals within those classes, groups or categories."

**8.** This list of additional state and federal statutes and regulations appear to be the same as those listed in Attachment A to DPW's Response. (DPW Response at 3, R.R. at 23a; Attachment A—Laws Protecting Records About DPW Clients, R.R. at 34a.)

that DPW incorrectly claims that his Request is duplicative of a February 2012 request and provides a detailed description of how his current Request is not duplicative of that prior request. (OOR Appeal at 3, R.R. at 3a.) Next, Requester explains why the information he is seeking falls within the definition of "aggregated data" and points out that DPW provided a limited set of "ticket reports" in response to Requester's February 2012 request. (OOR Appeal at 3, R.R. at 3a.) Finally, Requester addresses DPW's denial of the Request based upon Section 703 of the RTKL and explains why his Request is sufficiently specific. (OOR Appeal at 3, R.R. at 3a.)

With respect to paragraph 2, DPW denied Requester's Request for this information because: (1) no such documents exist and DPW has no obligation to create documents; and (2) the Request does not comply with the specificity requirements of Section 703 of the RTKL, 65 P.S. § 67.703. (DPW Response at 4, R.R. at 24a.) In his OOR Appeal, Requester addresses DPW's denial of the information sought in paragraph 2 of the Request based upon Section 703 of the RTKL and explains why his Request is sufficiently specific. (OOR Appeal at 3–4, R.R. at 3a–4a.)

With respect to paragraph 4, DPW denied Requester's Request for this information, to the extent Requester was seeking "trouble tickets," because these documents are client-specific and, therefore, exempted from the RTKL's definition of public record by the authorities set forth in Attachment A. (DPW Response at 7, R.R. at 27a.) DPW also denied access to this information because the Request does not comply with the specificity requirements of Section 703 of the RTKL, 65 P.S. § 67.703. (DPW Response at 8, R.R. at 28a.) In his OOR Appeal, Requester addresses and explains why DPW's contention that the only responsive documents to paragraph 4 of the Request are client-specific records and are, therefore, exempt from the definition of public record, is incorrect. (OOR Appeal at 4, R.R. at 4a.)

With respect to paragraph 6, DPW denied Requester's Request for this information because the term "PA9–SP reports" is not a term that DPW recognizes or uses; thus, DPW does not know what reports Requester is seeking. (DPW Response at 9, R.R. at 29a.) As such, DPW concludes that the Request does not comply with the specificity requirements of Section 703 of the RTKL, 65 P.S. § 67.703. (DPW Response at 9, R.R. at 29a.) In his OOR Appeal, Requester states that DPW denied his Request for this information because the Request is insufficiently specific and explains that DPW uses the term "PA9–SP reports" in an appendix to the SNAP Handbook that DPW makes available to clients on its website. (OOR Appeal at 4, R.R. at 4a.) Therefore, Requester states, it is a term used and recognized by DPW. (OOR Appeal at 4, R.R. at 4a.)

■ The OOR erred by summarily dismissing Requester's OOR Appeal on the basis that it did not address DPW's reasons for denying the Request. As shown by the foregoing recitation, Requester's OOR Appeal does address the reasons given by DPW in denying his RTKL Request, and includes his arguments as to why those reasons are flawed. *Department of Corrections,* 18 A.3d at 434. Although Requester does not discuss any specific subsections of Section 708(b) of the RTKL, this does not render the OOR Appeal deficient. Requester's statement in his OOR Appeal that the records are public records that "do not qualify for any exemptions under [S]ection 708, are not protected by privilege, and are not exempted under any Federal or State law or regulation," is

sufficient under these circumstances. (OOR Appeal at 2, R.R. at 2a.)

■ Requester also adequately challenges DPW's conclusion that the information sought does not fall within the meaning of the RTKL's definition of "aggregated data." (OOR Appeal at 3, R.R. at 3a.) Requester alleges that the "ticket reports" he seeks are a compilation of information contained in the "trouble tickets," and that the records are not client-specific but, instead, constitute "aggregated data." (OOR Appeal at 3, R.R. at 3a.) To the extent Requester is correct, the omission of any discussion of the legal authorities set forth in Attachment A to DPW's Response, which describe exemptions for individuals' information, rather than aggregated data, does not render his OOR Appeal deficient.

■ Finally, Requester's failure to address DPW's "Omnibus Responses" or the various state and federal statutes or regulations listed in DPW's Response to paragraph 1 of the Request does not render Requester's OOR Appeal deficient. DPW included the "Omnibus Responses" and these other legal authorities because this Court "has held that, if an agency fails to raise a defense in its final response letter, the agency has waived its opportunity to do so and is barred from raising a new defense at the time of an appeal."[9] (DPW Response at 3, 10, R.R. at 23a, 30a.) As DPW only included its "Omnibus Responses" and these additional legal authorities as a precaution against waiver, we will not deem Requester's OOR Appeal deficient for not addressing these precautionary grounds for denial. To hold otherwise

would thwart the mandate that we are to liberally construe the RTKL in order to effectuate its purpose. *Levy*, —— Pa. at ——, 65 A.3d at 381:

Requester also offers argument on the merits of his Request and argues that DPW improperly denied access to the requested information because the records are public and not exempt under any provision of the RTKL. DPW takes issue with this Court reviewing the merits of the Request and asserts that the only proper remedy is to remand this matter to the OOR for a final determination after allowing for the submission of documents in support of the parties' positions. DPW asserts that, as the party with the burden of persuasion in an appeal to the OOR, it must be afforded the right at the administrative level to present evidence in support of its decision to deny the Request. In reply, Requester argues that the RTKL makes clear that DPW will suffer no deprivation of rights if this Court conducts a *de novo* review. Requester contends that this Court has the authority to address the merits of his OOR Appeal, without remand, pursuant to our decision in *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa.Cmwlth.2010) (en banc), *petition for allowance of appeal granted in part*, 609 Pa. 265, 15 A.3d 427 (2011), holding that this Court functions as a trial court in reviewing RTKL appeals. Requester asserts that the conditions precedent has been satisfied for this Court to decide the merits of his OOR Appeal; namely, the issuance of the Final Determination by the OOR and his timely filing of a Petition for Review with this Court.

---

9. We note that our Supreme Court recently held that this Court's "*per se* waiver rule set forth in *Signature Information [Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa.Cmwlth. 2010),] and its progeny is unnecessarily restrictive." *Levy*, —— Pa. at ——, 65 A.3d at

383. In so holding, the Supreme Court abrogated our holding in *Signature Information* that "an agency waives any reasons for non-disclosure not raised in its initial ... written response" to a RTKL request. *Id.*

Section 1101 of the RTKL provides for the OOR, through an appeals officer, to hear a requester's appeal without prior court action. 65 P.S. § 67.1101; *Levy*, — Pa. at — n. 15, 65 A.3d at 381 n. 15. Pursuant to Section 1102(a) of the RTKL, the appeals officer shall, *inter alia*, "[s]et a schedule for the requester and the open-records officer to submit documents in support of their positions," "[r]eview all information filed relating to the request," and issue a final determination. 65 P.S. § 67.1102(a). Prior to issuing a final determination, an appeals officer may conduct a hearing. Section 1101(b)(3), 65 P.S. § 67.1101(b)(3). Thus, these provisions indicate that the General Assembly intended that an appeals officer generally have the opportunity to consider the merits of an appeal before a final determination is issued. After the issuance of a final determination, the parties have a right to petition this Court for review. Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a). Our decision "shall contain findings of fact and conclusions of law based upon the evidence as a whole" and "shall clearly and concisely explain the rationale for the decision." *Id.*

We recognize that this Court has concluded that, when reviewing an OOR appeal from a Commonwealth agency's denial of a RTKL request in our appellate jurisdiction, we subject the matter to independent review, and that we are "entitled to the broadest scope of review." *Bowling*, 990 A.2d at 820. However, this Court's decision in *Bowling* does not mandate that we eliminate the statutory requirement that the OOR first consider a requester's appeal on the merits before we undertake appellate review. A final determination on the merits permits this Court to perform effective appellate review in accordance with the standard and scope of review set forth in *Bowling*. Here, there

is no final determination on the merits, but merely a summary dismissal of Requester's OOR Appeal. There was no opportunity for either Requester or DPW to present any evidence to support each party's respective position. Under these circumstances, we believe that the better approach in this matter is to permit the OOR the opportunity to follow the procedures set forth in the RTKL and issue a final determination on the merits before we exercise review.

Accordingly, we vacate the OOR's August 7, 2012 Final Determination and remand this matter to the OOR to consider Requester's appeal and DPW's reasons for denying Requester's RTKL Request.

### *ORDER*

**NOW,** June 12, 2013, the Final Determination of the Office of Open Records entered in the above-captioned matter is hereby **VACATED** and this matter is **REMANDED** for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.