# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Comrie,                          :
                                        : No. 697 C.D. 2016
                    Petitioner          : Submitted: February 10, 2017
                                        :
            v.                          :
                                        :
Pennsylvania Department                 :
of Corrections,                         :
                                        :
                    Respondent :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: April 19, 2017

          Robert Comrie (Requester), *pro se*, petitions for review from a final
determination of the Office of Open Records (OOR) that dismissed his appeal from
the Pennsylvania Department of Correction's (Department) response to his request
under the Right-to-Know Law (RTKL).[1]  OOR dismissed the appeal because
Requester did not submit statutorily-required documents for review.  For the
reasons that follow, we affirm.

          Requester, an inmate at the State Correctional Institution (SCI) at
Houtzdale, filed an appeal with OOR from the Department's response to his RTKL
request.  However, he did not include a copy of his request or the Department's
response with his appeal.  OOR issued a notice of filing deficiency to Requester

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

advising him that these documents must be submitted within seven calendar days or his appeal would be dismissed as of course. Requester did not cure the deficiency. By decision dated April 6, 2016, OOR dismissed his appeal as insufficient. OOR explained that it does not have a complete record upon which to base a determination on the merits and it would be unable to present a complete record on appeal to this Court.

Requester now petitions this Court for review.[2] Requester challenges the Department's reliance on an alleged incorrect DC-300B court commitment form (DC-300B form), which does not accurately reflect his sentence, particularly his credit time. He contends that the form contains a clerical error and that the Department is violating his constitutional rights to due process of law by refusing to correct the errors.[3]

However, OOR did not issue a final determination on the merits, but rather summarily dismissed Requester's appeal as deficient because he did not provide a copy of his request or the Department's response with his appeal. Consequently, the only issue before us is the legal sufficiency of Requester's appeal to OOR.

Section 1101(a)(1) of the RTKL provides:

> If a written request for access to a record is denied or deemed denied, the requester may file an appeal with [OOR] . . . within 15 business days of the mailing date of the agency's response or within 15 business days of a

---

[2] For appeals from determinations made by OOR involving Commonwealth agencies, our standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] Requester filed an application for an extension of time to file a reply brief, which this Court granted. However, Requester never filed a reply.

2

> deemed denial. *The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request.*

65 P.S. §67.1101(a)(1) (emphasis added). "When a requester fails to state the records sought are public, or fails to address an agency's grounds for denial, the OOR properly dismisses the appeal." *Padgett v. Pennsylvania State Police*, 73 A.3d 644, 647 (Pa. Cmwlth. 2013). "At a minimum, a requester's appeal 'must address any grounds stated by the agency . . . for denying the request.'" *Id.* (quoting *Department of Corrections v. Office of Open Records*, 18 A.3d 429, 434 (Pa. Cmwlth. 2011)). "We reasoned a minimally sufficient appeal is a condition precedent for OOR to consider a requester's challenge to an agency denial." *Id.*

Here, Requester's appeal to OOR does not state that the record he requested is public or address the grounds asserted by the Department for "denying" his request. Rather, Requester's appeal claims that "there is inaccurate and incorrect information contained in the DC-300B form submit [sic] by Clearfield County Court . . . ." Certified Record, Item No. 1, Letter of Appeal to OOR, at 1. He then explains the inaccuracies on the form. *Id.* He requested OOR to "correct the false information" and credit him with all time spent in custody. *Id.* at 2. However, such does not satisfy the basic requirements of Section 1101(a)(1) of the RTKL for an appeal. On this basis, we affirm OOR's final determination dismissing it.[4]

---

[4] This Court is not limited to the rationale offered in OOR's written decision. *See Bowling v. Office of Open Records*, 75 A.3d 453, 456 (Pa. 2013). We "may affirm on other grounds where grounds for affirmance exist." *Kutnyak v. Department of Corrections*, 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth. 2000). Therefore, we need not address whether the Requester's failure to provide a copy of his request and the Department's denial warranted summary dismissal.

Notwithstanding, we also note that Requester is not entitled to the relief sought in his RTKL appeal. Although Requester did not provide OOR with a copy of his request or the Department's response, Requester attached a copy of the Department's response to his petition for review, which sheds more light on the nature of his underlying appeal. In the response, the Department acknowledged Requester's request for his DC-300B form, *which it granted*. Petition for Review, Appendix. Requester also attached a copy of the DC-300B form furnished by the Department in response to his request.[5] *Id*.

Requester does not challenge the Department's response, which *granted* his request for the DC-300B form. Instead, Requester challenges the accuracy of the information provided on the form.

However, the purpose of the RTKL is to *disclose* information constituting a public record. *See Levy v. Senate of Pennsylvania*, 65 A.3d 361, 381 (Pa. 2013). The purpose is not to *correct* allegedly inaccurate information once disclosed. Rather, mandamus is the appropriate remedy to compel the correction of errors by a government agency. *Allen v. Department of Corrections*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014). However, mandamus is not available to challenge the Department's failure to give credit where the sentencing order is either ambiguous or does not specify the credit at issue. *Id*. In addition, mandamus is not an appropriate remedy to cure an illegal sentencing order. *Id*. As our Superior Court explained:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of

_____

[5] The Department redacted from the form Requester's SID Number, which is his personal identification number, and provided the grounds for redaction. Requester does not challenge the denial of this information.

4

> Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

*Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super.), *appeal denied*, 104 A.3d 524 (Pa. 2014) (quoting *Commonwealth v. Perry*, 563 A.2d 511, 512 (Pa. Super. 1989)).

In other words, an RTKL appeal to OOR is not the proper method for compelling the correction of an inaccurate record or contesting the Department's calculation of his sentence. Because the Department granted Requester's request and furnished the DC-300B form, there was no basis for the appeal under the RTKL. See 65 P.S. §67.1101(a)(1) (a requester may file an appeal if the "record is denied or deemed denied"). For these additional reasons, we conclude that OOR properly dismissed Requester's appeal.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Comrie,                    :
                                 : No. 697 C.D. 2016
                Petitioner    :
                                 :
          v.                   :
                                 :
Pennsylvania Department      :
of Corrections,               :
                                 :
              Respondent :

## O R D E R

AND NOW, this 19th day of April, 2017, the final determination of the Office of Open Records, dated April 6, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge