# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tim Holz, : 
　　　　　　Petitioner :
 :
　　　　v. :
 :
Pennsylvania Department of State, : Nos. 1656 & 1692 C.D. 2016
　　　　　　Respondent : Submitted: May 5, 2017


OPINION NOT REPORTED
PER CURIAM FILED: July 24, 2017


　　　　Tim Holz (Petitioner), representing himself, petitions for review from the September 8, 2016 final determinations (Final Determinations) of the Office of Open Records (OOR), No. AP 2016-1438 and AP 2016-1337, that found Petitioner did not provide a copy of his original OOR requests with his appeals; held that Petitioner's OOR requests therefore failed to comply with OOR's Orders/Notices of Filing Deficiency (Notice of Filing Deficiency) such that, without his original OOR requests, the OOR does not have complete records upon which to base its determinations; and dismissed his appeals. For the reasons that follow, we affirm the OOR's Final Determinations.

## I.  Background

### A.  1656 C.D. 2016

On August 8, 2016, Petitioner submitted a request to the Pennsylvania Department of State (Department) under the Right-to-Know Law (RTKL)[1] seeking "a copy of the Crimes Code, Title 18 Pennsylvania Criminal Statutes, Annotated, 2016 Edition." (Original Record 1656 C.D. 2016 (O.R. 1656), Item No. 1 at 2.) By response dated August 12, 2016, (Department Response) the Department denied Petitioner's request stating that "[t]he RTKL does not require an agency to perform legal research on behalf of a requester." *Id.* The Department Response stated, "[i]n accordance with the Bureau of Commissions, Elections and Legislation regulations at 4 Pa. Code §141.5(a), you will need to provide the act number and year to the Department to obtain a copy of the legislation." *Id.*

Petitioner appealed to the OOR via correspondence, arguing that his request was sufficiently specific and did not require the Department to perform any legal research. (O.R. 1656, Item No. 1 at 1.)

Thereafter, in its Notice of Filing Deficiency, the OOR notified Petitioner that review of his correspondence revealed that the original request for records was not included with his correspondence to OOR requesting appeal of the Department Response. (O.R. 1656, Item No. 3.) *See also* RTKL, Section 1303(b).[2] OOR's Notice of Filing Deficiency gave Petitioner seven calendar days

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] Section 1303(b) states:

> (b)  Record on appeal.—The record before a court shall consist of the request, the agency's response, the appeal filed under section 1101

from the date of notification to file the original request.[3] OOR's Notice of Filing Deficiency also stated that "[f]ailure to file the required document(s) will result in your appeal being dismissed as of course." (Emphasis omitted.) *Id.*

Petitioner filed a submission (Submission) with OOR asserting that his "request is/was attached as page three already." (O.R. 1656, Item No. 4 at 1.) However, Petitioner did *not* include a copy of his request along with the copy of the response in his Submission to OOR. Subsequent to this Submission by Petitioner, OOR issued its final determination (Final Determination) wherein OOR dismissed Petitioner's appeal as insufficient. OOR explained that it does not have a complete record upon which to base a determination on the merits and it would be unable to present a complete record on appeal to this Court. (O.R. 1656, Item No. 5 at 1.)

## B.  1692 C.D. 2016

On August 1, 2016, Petitioner submitted a request to the Department under the RTKL seeking "a copy of Title 42 Pennsylvania's Consolidated Statutes, Annotated, text." (Original Record 1692 C.D. 2016 (O.R. 1692), Item No. 2 at 1.) By Department Response dated August 2, 2016, the Department denied Petitioner's request stating that "[t]he RTKL does not require an agency to perform legal research on behalf of a requester." *Id.* The Department Response stated, "[i]n accordance with the Bureau of Commissions, Elections and Legislation

---

[pertaining to filing of an appeal], the hearing transcript, if any, and the final written determination of the appeals officer.

65 P.S. §67.1303(b).

[3] The OOR's Order to Petitioner also required him to serve a copy of the requested document (the original request) upon the agency from which Petitioner requested the records.

regulations at 4 Pa. Code §141.5(a), you will need to provide the act number and year to the Department to obtain a copy of the legislation." *Id.*

Petitioner appealed to the OOR via correspondence, arguing that his request was sufficiently specific and did not require the Department to perform any legal research. (O.R. 1692, Item No. 1 at 1.)

Thereafter, in its Notice of Filing Deficiency, the OOR notified Petitioner that review of his correspondence revealed that the original request for records was not included with his correspondence to OOR requesting appeal of the Department Response. (O.R. 1692, Item No. 3.) *See also* RTKL, Section 1303(b).[4] OOR's Notice of Filing Deficiency gave Petitioner seven calendar days from the date of notification to file the original request.[5] OOR's Notice of Filing Deficiency also stated that "[f]ailure to file the required document(s) will result in your appeal being dismissed as of course." (Emphasis omitted.) *Id.*

Petitioner filed a Submission with OOR asserting that "I am the requestor of, Title 42 of Pennsylvania's Consolidated Statute's [sic] text, this book is law's [sic] (written) which govern everyone in this great state including myself. *I am a citizen and I have a vested right to a copy of this text.*" (Emphasis in original.) O.R. 1692, Item No. 4 at 1. However, Petitioner did not include a copy of his request along with the copy of the response in his Submission to OOR. Subsequent to this Submission by Petitioner, OOR issued its final determination (Final Determination) wherein OOR dismissed Petitioner's appeal as insufficient. OOR explained that it does not have a complete record upon which to base a

---

[4] 65 P.S. § 67.1303(b).

[5] The OOR's Order to Petitioner also required him to serve a copy of the requested document (the original request) upon the agency from which Petitioner requested the records.

determination on the merits and it would be unable to present a complete record on appeal to this Court. (O.R. 1692, Item No. 5 at 1.)

These appeals by Petitioner followed.[6]

## II. <u>Issues</u>

The issues, as set forth in Petitioner's briefs are:[7]

1. Is the record certified by the OOR…complete?

2. Is lying to this Court about the certified record perjury?

3. Is perjury both arbitrary and capricious?

4. Did this perjury violate Section's [sic] 1304 and 1305 of the Pa Right-to-Know-Law…?

5. Did the OOR…staff/counsel wantonly disregard and willfully deprive this requestor access to a public record?

6. Was perjury an act of bad faith under provisions of the Act…?

7. Is one commission of perjury the same as 20?

8. Should OOR…staff/counsel be fined, and or terminated as emloyee's [sic]?

---

[6] In appeals from determinations made by appeals officers under the RTKL, the Commonwealth Court's standard of review is *de novo* and its scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453 (Pa. 2013).

[7] Petitioner requested consolidation of 1656 C.D. 2016 and 1692 C.D. 2016. The Department took no position on Petitioner's motion. Consequently, these matters were consolidated by this Court.

Petitioner also filed motions to proceed *in forma pauperis*, which were also granted by this Court.

### III. Discussion

In essence, Petitioner argues the Department acted in bad faith or with willful or wanton disregard of his right to access to the records he requested. Petitioner asserts he is entitled to costs or attorney fees as a result of the Department's bad faith or actions in willful or wanton disregard.

OOR did not issue final determinations on the merits, but rather dismissed Petitioner's appeals as not sufficient because he failed to provide copies of his requests with his appeals to OOR as required by statute. (O.R. 1656 & 1692 Item #5 at 1.) Significant here, Petitioner did not state any grounds upon which he asserts the records are public records. He also did not address the grounds stated by the Department for denying his requests – that legal research is required and the RTKL does not require an agency to perform legal research on behalf of a requester.[8] Consequently, the only issue before this Court is the legal sufficiency of Petitioner's appeals to OOR. Therefore, we need not reach the public nature of the records requested or grounds for denial of his request.

> Section 1101(a)(1) of the RTKL provides:
>
> If a written request for access to a record is denied or deemed denied, the requester may file an appeal with [OOR] ... within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial. *The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request.*

---

[8] 65 P.S. §67.701; *Joseph Reaves v. Pennsylvania Board of Probation and Parole*, OOR Docket No. AP-2010-1224, filed January 27, 2011.

65 P.S. §67.1101(a)(1) (emphasis added). "When a requester fails to state the records sought are public, or fails to address an agency's grounds for denial, the OOR properly dismisses the appeal." *Padgett v. Pennsylvania State Police*, 73 A.3d 644, 647 (Pa. Cmwlth. 2013); *see also Saunders v. Dep't of Corr.*, 48 A.3d 540 (Pa. Cmwlth. 2012). "At a minimum, a requester's appeal 'must address any grounds stated by the agency ... for denying the request.'" *Id.* (quoting *Department of Corr. v. Office of Open Records*, 18 A.3d 429, 434 (Pa. Cmwlth. 2011)). "We reasoned a minimally sufficient appeal is a condition precedent for OOR to consider a requester's challenge to an agency denial." *Id.*

Here, Petitioner's appeals to OOR do not address the grounds asserted in the Department Responses for denying his requests.[9] Rather, Petitioner's appeals assert that he is a citizen of the Commonwealth of Pennsylvania and as such, has a right to the statutes that govern all citizens of this Commonwealth. Petitioner requested a "copy of the Crimes Code, Title 18 Pennsylvania's Criminal Statute's [sic] Annotated Edition 2016's text"[10] and a copy of "Title 42, of Pennsylvania's Consolidated Statutes Text."[11] Petitioner argues that [these statutes] are property of this state period." (O.R. 1656 Item #4 at 1.) "I do have a right to a copy of [these statutes] too."[12] *Id.* However, Petitioner merely asserts

---

[9]The Department Responses denied Petitioner's request because the RTKL does not require an agency to perform legal research on behalf of a requester. The Department Responses further explained to Petitioner that in order to obtain a copy of the legislation he requested, he must provide the act number and year to the Department. (*See* O.R. 1656 Item #1 at 2; O.R. 1692 Item #2 at 1.)

[10] (O.R. (1656 C.D. 2016) Item #1 at 1.)

[11] (O.R. (1692 C.D. 2016) Item #1.)

[12] (*See* O.R. 1656 Item #1 at 2; O.R. 1692 Item #2 at 1.)

"[these requests] are specific" and do not require any agency to perform legal research. *Id.* Such assertion does not satisfy the basic requirements of Section 1101(a)(1) of the RTKL for an appeal as it fails to address the Department's grounds for denial that Petitioner failed to provide copies of his requests with his appeals. *Padgett*; *Saunders*; *Dep't of Corr.*

On this basis, we affirm OOR's Final Determinations dismissing Petitioner's requests as lacking the minimal sufficiency necessary to permit OOR to consider Petitioner's challenges to the Department's denial of his requests.

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Tim Holz,                                             :
                Petitioner                :
                                                  :
                v.                                :
                                                    :
Pennsylvania Department of State,    :    Nos. 1656 & 1692 C.D. 2016
                Respondent              :

**<u>PER CURIAM</u>**

## O R D E R

AND NOW, this 24th day of July, 2017, the September 8, 2016 Final Determinations of the Office of Open Records are AFFIRMED.

IN FURTHERANCE, upon consideration of Petitioner's motions to convene a grand jury, the motions are summarily DENIED.