IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Nottingham, : 
          Petitioner : 
           : 
     v. : No. 1054 C.D. 2023
           : 
Lycoming County Judicial District : Submitted: August 9, 2024
(Office of Open Records), : 
          Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                     FILED: September 19, 2024

        James Nottingham (Petitioner) petitions for review _pro se_ of the August 17, 2023 Final Determination issued by the Office of Open Records (OOR), which dismissed for lack of jurisdiction his appeal from the Lycoming County Judicial District's (Judicial District or Respondent) denial of his Right-to-Know Law (RTKL)[1] request.  Upon review, we affirm.

### I. Background and Procedural History

        On July 26, 2023, Petitioner submitted a request to the Judicial District pursuant to the RTKL seeking documents related to a divorce case, his former attorney and certain court rules (Request).  Specifically, the Request stated:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

Please provide a full account of case no. CY 22-01071 (Lyco. Cnty) Superior Court Docket No. 617 MDA 2023; A full escrow account from covered Attorney William Miele (Rule 512) case No. FC 1999-20583 and (2) Disciplinary actions and sanctions records for failure to submit the financial records taken by court (3) A copy of this courts rules for failure to timely serve notice of hearing and (4) the rules for failure to notify a party by sufficient service (5) Rules for failure to enter a timely appearance (6) Rules of time limits: court for failing to enter a timely appearance (6) [sic] Rules of time limits Court: rules for acts of bad faith, and ill will for acts of perjury fraud and extortion and embezzlement of money, and (7) conspiracy to obstruct justice.

(Request, 7/26/23, at 1.)

By letter issued August 7, 2023, the Judicial District denied his Request and explained:

> The Right-to-Know Law as it pertains to the Judiciary (Section 304) requires the Judiciary to provide only financial records in accordance with the law or rule or order of court. The Supreme Court of Pennsylvania promulgated Pennsylvania Rule of Judicial Administration 509 ("Rule 509"), which governs requests for financial records of the Unified Judicial System. Under Rule 509(a), the Court is only required to provide access to financial records dealing with: 1) the receipt or disbursement of funds appropriated to the Court; or 2) the acquisition, use or disposal of services, supplies, materials, equipment or property secured through funds appropriated to the Court.
> . . . .
>
> Your request for these records is denied because what you have requested are not financial records as defined in Rule 509. If you wish to contest this decision with regard to your request for records, pursuant to Pa.R.J.A. No. 509(c)(5) you may appeal in writing within 15 business days of the date

of this response to the President Judge of the 29th Judicial District of Pennsylvania, Nancy L. Butts, Lycoming County Courthouse, 48 West Third Street, Williamsport, PA 17701.

(Judicial District Letter, 8/07/23, at 1-2.)[2]

Petitioner appealed to OOR on August 14, 2023. OOR issued a Final Determination on August 17, 2023, dismissing the appeal for lack of jurisdiction. In doing so, it explained:

> **The OOR lacks jurisdiction**. Lycoming County Judicial District ("District") is a judicial agency. *Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015). The OOR does not have jurisdiction over judicial agencies. [Section 503(a)-(b) of the RTKL,] 65 P.S. §§ 67.503(a)-(b). Case records can be requested from judicial records custodians pursuant to the Unified Judicial System's Public Access Policy. More information can be found at http://www.pacourts.us/public-records/public-records-policies For this reason, the District is not required to take any further action.

(OOR Final Determination, 8/17/23, at 1). This petition for review followed.

## II. Analysis

On appeal, Petitioner challenges the denial of his request for records relating to a divorce case and his former attorney involved therein, maintaining that these are public documents subject to disclosure under the RTKL. (Petitioner's Br. at 9-11; Petition for Review ¶ 11.) Respondent rejoins that OOR properly concluded it lacked jurisdiction over Petitioner's appeal from the Judicial District's decision based

---

[2] Section 102 of the RTKL defines "Judicial agency" as "a court of the Commonwealth or any other entity or office of the of the unified judicial system." Section 102 of the RTKL, 65 P.S. § 67.102.

3

on applicable case law because the Judicial District is a judicial agency.[3] (Respondent's Br., at 3.)

We begin by observing that the RTKL sets forth separate appeals processes for each branch of government. *Grine v. County of Centre*, 138 A.3d 88, 99 (Pa. Cmwlth. 2016). Section 503(a)-(c)(1) of the RTKL provides, in pertinent part, as follows:

> **503. Appeals officer**
>
> **(a) Commonwealth agencies and local agencies**.--Except as provided in subsection (d), the Office of Open Records established under section 1310 shall designate an appeals officer under section 1101(a)(2) for all:
>
> (1) Commonwealth agencies; and
> (2) local agencies.
>
> **(b) Judicial agencies**.--A judicial agency shall designate an appeals officer to hear appeals under Chapter 11.3
>
> **(c) Legislative agencies**. --
>
> (1) Except as set forth in paragraph (2), the Legislative Reference Bureau shall designate an appeals officer to hear appeals under Chapter 11 for all legislative agencies.
> . . . .

65 P.S. § 67.503(a)-(c)(1).

Therefore, an appeal from a judicial agency must be addressed by an appeals officer designated by that agency. *Id.* With respect to local agencies such as a county, "the RTKL confers jurisdiction on appeals officers within OOR to render

---

[3] Because this issue presents a question of law under the RTKL, our scope of review is plenary. Department of Corrections v. Office of Open Records, 18 A.3d 429, 432 n.6 (Pa. Cmwlth. 2011).

determinations regarding records disputes." *Id.* (citing Section 503(a) of the RTKL, 65 P.S. § 67.503(a)). However, because judicial agencies have their own appeals officers and procedures, OOR lacks jurisdiction to hear appeals taken from judicial agency determinations. *Philadelphia District Attorney's Office v. Stover*, 176 A.3d 1024, 1027 (Pa. Cmwlth. 2017). "Indeed, allowing OOR to direct an agency to disclose a record showing activities of a judicial agency violates the separation of powers." *Grine*, 138 A.3d at 99.

Here, Petitioner filed his Request with the Judicial District, a judicial agency not subject to OOR's jurisdiction. After the Judicial District denied his Request because he did not request financial records, Petitioner should have directed his appeal to the Judicial District's designated appeals officer, in accordance with the information provided to him in the agency's August 7, 2023 denial letter. Instead, he filed his appeal from that determination with OOR, which correctly determined that it did not have jurisdiction over Petitioner's appeal from the decision of a judicial agency. Accordingly, we affirm OOR's Final Determination, as it is clear that it lacked jurisdiction over Petitioner's appeal.

_____

PATRICIA A. McCULLOUGH, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Nottingham,      :
    Petitioner    :
             :
  v.         :  No. 1054 C.D. 2023
             :
Lycoming County Judicial District  :
(Office of Open Records),    :
    Respondent   :

## *<u>ORDER</u>*

   AND NOW, this 19th day of September, 2024, the Final Determination of the Office of Open Records dated August 17, 2023, is hereby AFFIRMED.

         _____
         PATRICIA A. McCULLOUGH, Judge