# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ajani Posey, : 
                    Petitioner :
                          :
                          :
          v. : No. 335 C.D. 2024
                          : SUBMITTED: February 4, 2025
Department of Corrections (Office :
of Open Records), :
                    Respondent :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED: April 14, 2025**


Requester, Ajani Posey, an inmate who was incarcerated at the State Correctional Institution at Houtzdale (SCI-Houtzdale) during the relevant time period, petitions this Court *pro se* for review of the Final Determination of the Office of Open Records (OOR), which denied his appeal from the Department of Corrections' denial of his Right-to-Know Law (RTKL)[1] request. Based upon our recent decision in *Posey v. Department of Corrections (Office of Open Records)*, 329 A.3d 864 (Pa. Cmwlth. 2025) (*Posey I*), which involved the same parties and the same legal issue, we affirm in part and reverse in part.

In January 2024, Requester submitted his request to the Department seeking "the full (first and last) names of" several corrections officers employed at

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

SCI-Houtzdale. Certified Record (C.R.) at 12.[2] After invoking a 30-day extension,[3] the Department granted in part and denied in part the request, asserting that the first and middle names of the identified corrections officers are exempt from disclosure for multiple reasons, including the personal security exemption found at Section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii).

Requester appealed to OOR, which invited the parties to submit additional information. *See* C.R. at 16. In response, Counsel for the Department submitted a letter brief arguing that the first and middle names and initials of its corrections officers are exempt from disclosure pursuant to the RTKL's personal security exemption. C.R. at 24-26. The Department cited this Court's unreported decision in *Stein v. Office of Open Records* (Pa. Cmwlth., No. 1236 C.D. 2009, filed May 19, 2010),[4] as well as multiple OOR final determinations. *Id.* Notably, the Department did not submit an affidavit or any other evidence to support its argument and abandoned all other previously asserted grounds for exemption. Requester, for his part, asserted that the cases cited by the Department did not support its position and that the Department acted in bad faith in denying his request. C.R. at 29-30.

OOR issued its Final Determination in March 2024, denying Requester's appeal and declining to find that the Department acted in bad faith. C.R. at 34-38. OOR found that the Department met its burden of proving that disclosure of the full names of corrections officers would threaten their personal security. Like the Department, OOR relied upon *Stein* and several of its own final determinations

---

[2] Because the certified record in this matter was submitted electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

[3] *See* Section 902 of the RTKL, 65 P.S. § 67.902.

[4] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, "[a]n unreported opinion of this Court may be cited . . . for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a).

regarding requests for the full names of corrections officers. Further, OOR cited *Office of the Governor v. Davis*, 122 A.3d 1185, 1194 (Pa. Cmwlth. 2015) (*en banc*), for the proposition that an affidavit may be unnecessary when an RTKL exemption is clear from the face of the record. C.R. at 37.

Requester then submitted his petition for review to this Court. He essentially argues that OOR erred in denying his appeal because the Department did not meet its burden. He claims that the cases cited by the Department and relied upon by OOR are distinguishable and do not support a finding that the full names of corrections officers are exempt from disclosure under the personal security exemption. Further, Requester claims that the Department acted in bad faith because it did not comply with its statutory duties under the RTKL and "willfully and with wanton disregard deprived [R]equester of access to public information." Requester's Br. at 2.

Records in the possession of an agency are presumed to be public under the RTKL "unless they are: (1) exempt under Section 708 . . . ; (2) protected by privilege; or (3) exempt under any other [f]ederal or [s]tate law or regulation or judicial order or decree." *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 180 (Pa. Cmwlth. 2019) (quotation omitted). *See also* Section 305(a) of the RTKL, 65 P.S. § 67.305(a). Exemptions must be narrowly construed due to the RTKL's remedial nature and its goal of promoting government transparency and access to information. *Suber-Aponte*, 202 A.3d at 179-80; *Davis*, 122 A.3d at 1191. As the Commonwealth agency receiving the request, the Department bears the burden of proving, by a preponderance of the evidence,[5] that the records are exempt from

---

[5] Preponderance of the evidence is "the lowest evidentiary standard, . . . tantamount to a more likely than not inquiry." *Carey v. Pa. Dep't of Corr.*, 61 A.3d 367, 374 (Pa. Cmwlth. 2013) (quotation omitted).

disclosure. *See Davis*, 122 A.3d at 1191; *Carey v. Pa. Dep't of Corr.*, 61 A.3d 367, 372 (Pa. Cmwlth. 2013).

Section 708(b)(1)(ii) of the RTKL specifically exempts from disclosure any "record, the disclosure of which . . . would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). Therefore, the Department must show that disclosure of the record sought presents "(1) a 'reasonable likelihood' of (2) 'substantial and demonstrable risk' to an individual's security[.]" *Carey*, 61 A.3d at 373 [quoting *Governor's Off. of Admin. v. Purcell*, 35 A.3d 811 (Pa. Cmwlth. 2011)].

> This Court has defined substantial and demonstrable risk as risk that is "actual or real and apparent." [] *Suber-Aponte*, 202 A.3d [at] 180[.] Thus, in order to show a reasonable likelihood, an agency must *offer more than speculation or conjecture*. *Cal. Borough v. Rothey*, 185 A.3d 456, 468 (Pa. Cmwlth. 2018).

*Posey I*, 329 A.3d at 869 (emphasis added).

Our recent decision in *Posey I* is factually and legally indistinguishable from this matter—it involves the same parties, a request for the same type of records, the same asserted exemption, and a failure to provide any supporting evidence—and, therefore, is controlling.[6] As the *Posey I* Court explained,

---

[6] In *Posey I*, the Department denied the RTKL request of the same *pro se* requester to the extent that it sought disclosure of the full names of several corrections officers, citing the personal security exemption. *Posey I*, 329 A.3d at 867. The requester then appealed to OOR. Just as in this case, the Department in *Posey I* failed to submit any evidence in support of the claimed exemption, instead relying solely on a letter brief from its Counsel. *Id.* at 867-68. As it did here, OOR in *Posey I* relied upon *Stein* and its own prior decisions to find that the Department met its burden and, therefore, denied the requester's appeal. *Id.* at 868. Because our decision in *Posey I* is now final, the doctrine of collateral estoppel or issue preclusion would also apply. The doctrine **(Footnote continued on next page…)**

4

> OOR relied on *Stein* and several OOR decisions that were not appealed to this Court for the proposition that corrections officers' first names are *per se* exempt from disclosure under Section 708(b)(1)(ii)'s personal security exemption. However, a proper reading of *Stein* shows that access to those records was denied on the basis of the Chief of Security's Declaration, *i.e.*, specific evidence proffered by the Department in support of the exemption.

*Id.* at 870. Just as in *Posey I*, we find that "OOR erred by overreading *Stein* to hold the personal security ex[em]ption shields corrections officers' first names as a matter of law." *Id.* at 871. Moreover, an agency's letter brief or "'unsworn position statement does not constitute evidence' but is 'akin to briefs or proposed findings of fact, which, while part of the record, are distinguishable from the *evidentiary* record[.]'" *Id.* at 872 (quoting *Davis*, 122 A.3d at 1193) (emphasis in original). Because the Department failed to submit any actual evidence that disclosure of the corrections officers' full names would be reasonably likely to result in a substantial and demonstrable risk to their personal security, OOR erred in finding that the Department met its burden. *Posey I*.

---

of collateral estoppel prevents the relitigation of issues of law or fact in a subsequent action when the following factors are demonstrated:

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue[;] and [] (4) the determination in the prior proceeding was essential to the final judgment.

*C.D.G., Inc. v. Workers' Comp. Appeal Bd. (McAllister)*, 702 A.2d 873, 875 (Pa. Cmwlth. 1997) (footnote omitted). Requester did not raise the issue of collateral estoppel, and our decision in *Posey I* did not become final until after the instant matter was submitted on briefs. At all ends, a court in appropriate cases may sua sponte raise the doctrine of collateral estoppel or issue preclusion. *See In re Stevenson*, 40 A.3d 1212, 1223 (Pa. 2012).

As for Requester's claim of bad faith, he failed to offer any supporting case law or argument other than the bald statement that the Department acted willfully and with wanton disregard to deny him access to public records.[7] Requester's Br. at 2. This conclusory statement falls well short of the standard for a finding of bad faith. *See, e.g.*, *Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 185 A.3d 1161 (Pa. Cmwlth. 2018), *aff'd*, 243 A.3d 19 (Pa. 2020). Thus, we discern no error in OOR's denial in this regard.

Accordingly, we affirm OOR's Final Determination insofar as it declined to find that the Department acted in bad faith, and reverse with respect to its finding that the Department met its burden of proof that the requested records are exempt under the RTKL's personal security exemption.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[7] Requester also fails to provide the section of the RTKL under which such claim is made. We note that Section 1305(a) of the RTKL provides that "[a] court may impose a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith." 65 P.S. § 67.1305(a). In addition, Section 1304(a)(1) states that a "court may award reasonable attorney fees and costs of litigation" if it finds that an agency "willfully or with wanton disregard deprived the requester of access to a public record subject to access or otherwise acted in bad faith[.]" 65 P.S. § 67.1304(a)(1).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ajani Posey, : 
     Petitioner : 
        : 
        : 
   v. : No. 335 C.D. 2024
        : 
Department of Corrections (Office : 
of Open Records), : 
     Respondent : 

## **O R D E R**

AND NOW, this 14th day of April, 2025, it is hereby ORDERED as follows:

1. The Final Determination of the Office of Open Records in the above-captioned matter is AFFIRMED IN PART and REVERSED IN PART, in accordance with the accompanying opinion.

2. The Department of Corrections (Department) is ORDERED to disclose to Ajani Posey (Requester) the records identified by Requester in his January 18, 2024 request for records pursuant to Section 703 of the Right-to-Know Law (RTKL), Act of February 14, 2008, P.L. 6, 65 P.S. § 67.703. The Department shall disclose said records to Requester within 30 days of the date of this Order. Failure to comply with this Order may subject the Department to penalties of up to $500.00 per day pursuant to Section 1305(b) of the RTKL, 65 P.S. § 67.1305(b), as deemed appropriate by this Court.

            _____
            **BONNIE BRIGANCE LEADBETTER,**
            President Judge Emerita