# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Game Commission,     :
            Petitioner    :
                         :
         v.             :    No. 1104 C.D. 2015
                         :    SUBMITTED: December 11, 2015
Carla Fennell,             :
            Respondent    :

BEFORE:     HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY
JUDGE LEADBETTER                              FILED: October 26, 2016

The Pennsylvania Game Commission (Commission) petitions for review of a final determination of the Office of Open Records (OOR), which granted the request of Carla Fennell (Requester) under the Right-to-Know Law (RTKL).[2] Requester sought records related to a complaint that her husband's hunting tree stand was too close to a neighbor's house. The Commission contends that this case involves neither disputed facts nor conflicting evidence and that the OOR improperly ordered the Commission to furnish the requested records within thirty days instead of holding that the records fell under certain enumerated exceptions to the RTKL. We agree and, accordingly, reverse.

---

[1] This case was assigned to the opinion writer before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 - 67.3104.

On April 23, 2015, Requester filed a standard right-to-know request form with the Commission, seeking records as follows:

> Two weeks before the 2014 deer hunting season began I was contacted by the game commission in regards to my husbands [sic] tree stand (located on our property of 89 Hidden Spring Lane Grand Valley Pa 16420) being to [sic] close to a neighbors [sic] house. Mr. Foster called in the complaint. We were told the distance was inspected and we were not to hunt from the stand. We did not hunt from it and were approached last week by Mr. Foster who said we were supposed to have been told to remove the stand and if we didn't he would. **I would like to have a copy of the report or anything that may have been put on record of the incident.**

Standard Right-To-Know Request Form at 1; Reproduced Record (R.R.) at 2a (emphasis added).

In response, the Commission explained that records of an agency relating to a noncriminal investigation are exempt from access by a requester. Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17). The Commission noted that such records specifically include "[c]omplaints submitted to an agency"; "[i]nvestigative materials, notes, correspondence and reports"; and "[a] record that, if disclosed, would . . . [r]eveal the institution, progress or result of an agency investigation [with certain exceptions] . . . ." Section 708(b)(17)(i)-(ii) and (vi)(A) of the RTKL, 65 P.S. § 67.708(b)(17)(i)-(ii) and (vi)(A). The Commission further stated that, because the records that Requester sought fell within the statutory exemption, they were not public records as defined by Section 102 of the RTKL, 65 P.S. § 67.102, and the Commission thus denied Requester's request. Commission's denial letter, dated April 24, 2015, at 1; R.R. at 4a.

Requester appealed the denial to the OOR, stating in an attached letter in part: "I don't see why I have to remove it [the tree stand], we don't plan on

hunting from it, my grandkids play in it [sic]." Requester's Letter, dated April 30, 2015, at 1-2; R.R. at 6a. By letter dated May 4, 2015, the OOR informed the parties, *inter alia*, that they could submit information and legal arguments supporting their respective positions within seven business days. OOR's Letter, dated May 4, 2015, at 1; R.R. at 10a. The letter further provided:

> The law requires that your position must be supported by sufficient facts <u>and</u> citation to all relevant sections of the RTKL, case law, and Final Determinations of the OOR. **Statements of fact must be supported by an affidavit made under penalty of perjury by a person with actual knowledge.** An affidavit is required to demonstrate nonexistence of records. Blank sample affidavits are available on our website.
>
> The agency has the burden of proving that records are not subject to public access. Any written information you provide to OOR must be provided to all parties.

*Id.* at 1-2; R.R. at 10-11a (emphasis in original).[3]

Thereafter, Requester submitted no supplementary information. The Commission submitted correspondence in the form of "an unsworn position statement." OOR Final Determination, mailed June 3, 2015, at 2; R.R. at 23a. In this statement, the Commission once again asserted that Requester's appeal should be dismissed because the requested records relate to a noncriminal investigation and, hence, are not public records. The Commission also asserted that the records are exempt and not public records because they relate to a criminal investigation, *see* Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16), and because, if they are disclosed, they "would be reasonably likely to result in a substantial and

---

[3] The letter also provided that the agency must notify interested third parties of the records request pursuant to Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c).

3

demonstrable risk of physical harm to or the personal security of an individual." Section 708(b)(1)(ii) of the RTKL, 65 P.S.§ 67.708(b)(1)(ii).[4] Citing the proposition that position statements and legal arguments do not amount to evidence, OOR concluded that because the Commission submitted no evidence on appeal it could not sustain its burden of proving the requested records were exempt from disclosure. Therefore, the OOR issued a final determination on June 3, 2015, granting Requester's appeal and ordering the Commission "to provide copies of all responsive records within thirty days." OOR's Final Determination, mailed June 3, 2015, at 4; R.R. at 25a. The Commission's appeal to this Court followed.[5]

The heart of the Commission's inquiry on appeal is whether, given the absence of disputed facts and conflicting evidence, the OOR improperly held that the Commission failed to meet its burden of proving that the requested records fell within a stated exception for public records access under the RTKL. Stated another way, the Commission argues that, based on the facts averred by Requester as well as the records sought, the OOR had enough information to decide the case on the

[4] With respect to records relating to or resulting in a criminal investigation, the Commission specifically cited "[c]omplaints of potential criminal conduct other than a private criminal complaint"; "[i]nvestigative materials, notes, correspondence, videos and reports"; "[v]ictim information, including any information that would jeopardize the safety of the victim"; "[a] record that, if disclosed … would … [r]eveal the institution, progress or result of a criminal investigation, except the filing of criminal charges" and/or "[e]ndanger the life or physical safety of an individual." Section 708(b)(16)(i)-(ii) and (v)-(vi)(A) and (E) of the RTKL, 65 P.S. § 67.708(b)(16)(i)-(ii) and (v)-(vi)(A) and (E). The law is clear that the Commission was allowed to assert on appeal additional reasons why the requested records were exempt. *Levy v. Senate of Pa.*, 65 A.3d 361, 363 (Pa. 2013). We agree with OOR that evidence would have been necessary to prove the applicability of these additional exceptions, but these are not in issue before this Court.

[5] This Court may, in our appellate jurisdiction, independently review the orders of the OOR and substitute our own factual findings for those of the agency. *Pa. State Troopers Ass'n. v. Scolforo*, 18 A.3d 435, 438 n.6 (Pa. Cmwlth. 2011). Moreover, our review under the RTKL regarding questions of law is plenary. *Id.*

4

merits and to conclude that the requested records fell within an enumerated exception for public records, thus curtailing their access.

Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1), provides that "[t]he burden of proving that a record of a Commonwealth agency . . . is exempt from public access shall be on the Commonwealth agency . . . receiving a request by a preponderance of the evidence." A preponderance of the evidence is that proof that "'leads the fact-finder . . . to find that the existence of a contested fact is more probable than its nonexistence.'" *Pa. State Troopers Ass'n v. Scolforo*, 18 A.3d 435, 439 (Pa. Cmwlth. 2011) (quotation omitted).

Moreover, this Court has held that an "unsworn position statement does not constitute evidence. Position statements are akin to briefs or proposed findings of fact, which, while part of the record, are distinguishable from the *evidentiary* record." *Office of the Governor v. Davis*, 122 A.3d 1185, 1193-94 (Pa. Cmwlth. 2015) (*en banc*) (emphasis in original). We noted in *Davis* that "records reviewed *in camera* are sufficient evidence for an agency to meet its burden of proof."[6] We also explained that, while "this Court has not held an affidavit or other verified statement is *required* to prove an exemption . . . we [do] hold *evidence* is required, and in the RTKL context, an affidavit may serve that function." *Id.* at 1194 (emphasis in original). Importantly, however, we pointed out that "an affidavit may be unnecessary when an exemption is *clear from the face of the record.*" *Id. See also Pa. State Police v. Office of Open Records*, 5 A.3d 473 (Pa. Cmwlth. 2010) (*en banc*), *appeal denied*, 76 A.3d 540 (Pa. 2013) (emphasis added).

---

[6] Here, the Commission did not ask the OOR hearing officer to perform an *in camera* review of the records sought by Requester.

To the extent that OOR construed our holdings to suggest that the failure of the Commission to submit affirmative evidence amounted to some sort of default, automatically precluding its ability to sustain its burden to show that the records were exempt from disclosure, we believe it has misconstrued our precedent. Section 1102(a)(2) of the RTKL provides that an OOR hearing examiner shall:

> Review all information filed relating to the request. The appeals officer *may* hold a hearing. A decision to hold or not to hold a hearing is not appealable. The appeals officer *may* admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute.

65 P.S. § 67.1102(a)(2) (emphasis added). Moreover, "[t]he record before a court shall consist of the request, the agency's response, the appeal filed under section 1101, the hearing transcript, if any, and the final written determination of the appeals officer." Section 1303(b) of the RTKL, 65 P.S. § 67.1303(b). Plainly, the General Assembly intended the request to be a substantive part of the record. Moreover, since the hearing officer is required to consider "the information filed concerning the request," but is not required to take evidence, the legislature must have intended that the issue could be decided without the submission of evidence where appropriate, such as where the facts are undisputed by the parties. In such a circumstance, we see no reason why OOR cannot decide the legal issue presented based on those undisputed facts.

In the present case, it is clear from the statements in Mrs. Fennell's request, with which facts the Commission agrees, that: 1) a neighbor made a complaint about a tree stand on her property; 2) the Commission investigated and determined that the stand was in a location where it was not allowed to be used for hunting; and 3) Mrs. Fennell requested a copy of the Commission's report of its

6

investigation and "anything that may have been put on record of the incident." While the issue might have been more clearly focused had the Commission submitted an affidavit describing the nature of the documents it possessed, or submitted the documents at issue for *in camera* inspection, we must nonetheless conclude that the materials requested fall in the category of "[c]omplaints submitted to an agency" and "[i]nvestigative materials, notes, correspondence and reports . . . ." Section 708(b)(17)(i)-(ii) of the RTKL, 65 P.S. § 67.708(b)(17)(i)-(ii).

Accordingly, we reverse.

_____
**BONNIE BRIGANCE LEADBETTER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Game Commission,     :
                 Petitioner     :
                                :
            v.                :    No. 1104 C.D. 2015
                                :
Carla Fennell,                    :
                  Respondent     :

# **O R D E R**

AND NOW, this 26th day of October, 2016, the order of the Office of Open Records is hereby REVERSED.

_____
**BONNIE BRIGANCE LEADBETTER,** Judge