IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Paul,                              :
                          Petitioner     :
                                         :
            v.                           :
                                         :
Pennsylvania State Police                :
(Office of Open Records),                :   No. 56 C.D. 2025
                          Respondent     :   Submitted: April 13, 2026


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE FIZZANO CANNON                              FILED: June 1, 2026


            Jason Paul (Requester) appeals from a final determination by the Office

of Open Records (OOR) that dismissed his appeal from a denial by the Pennsylvania

State Police (PSP) of an information request (Request) under the Right-to-Know

Law (RTKL).[1]  Also before the Court are the PSP's Application for Relief in the

Form of a Motion to Supplement the Record (PSP Application), which this Court

previously directed would be considered along with the merits of Requester's appeal,

and an application for relief in the form of a "Motion for Case Status" filed by

Requester.  Upon review, we grant the PSP Application, vacate the OOR's dismissal

of Requester's appeal, affirm the PSP's denial of the Request, and deny Requester's

"Motion for Case Status" as moot.

---

[1] Act of February 14, 2008, P.L. 6, *as amended*, 65 P.S. §§ 67.101-67.3104.

# I. Background

Requester sought information from the PSP under the RTKL by submitting the Request relating to the PSP's investigation of a 2010 non-traffic-related fatality. The PSP responded by denying the Request on the basis that the information sought related to a police investigation and, as such, was exempt from disclosure under the RTKL.

Requester appealed the PSP's denial of the Request to the OOR. The OOR notified Requester that his appeal was defective because he had failed to attach copies of the Request and the PSP's full response. Requester provided the first page of the PSP's verification of its response but did not forward a copy of the Request. The OOR then reviewed the record and concluded that without the Request and the full PSP response to the Request, the record lacked sufficient information for a determination on the merits. Therefore, the OOR dismissed Requester's appeal.

Requester appealed to this Court, arguing that he received only the first page of the PSP's verification and could not send what he did not have. The PSP filed the PSP Application in this Court asking to supplement the record with copies of the Request and the full PSP response. This Court issued an order directing that the PSP Application would be considered along with the merits of the appeal.

Also before the Court is an application for relief in the form of a "Motion for Case Status" in which Requester appears to suggest that there is a "mistake" in the record as certified by the OOR to this Court and in which Requester seeks leave to supplement the record and/or to forgo filing a reproduced record. This Court directed Requester to file a reproduced record but did not dispose of the "Motion for Case Status." As this Court has not yet addressed the "Motion for Case Status," this opinion and the accompanying order will dispose of that motion as well.

## II. Discussion

## A. Standard and Scope of Review

Regarding the applicable standard of review, our function on appeal from an OOR determination is "to determine whether the underlying agency [(here, the PSP)] correctly denied a requester access to a document under one of the statutory exceptions." *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 467 (Pa. 2013) (*Bowling II*). The Pennsylvania Supreme Court has held that courts reviewing OOR determinations "are the ultimate finders of fact and that they are to conduct full *de novo* reviews of appeals from decisions made by RTKL appeals officers . . . ." *Id.* at 474.

Regarding the applicable scope of review, "Section 1303(b) of the RTKL provides that '[t]he record before a court shall consist of the request, the agency's response, the appeal filed under [S]ection 1101 [of the RTKL], the hearing transcript, if any, and the final written determination of the appeals officer.'" *Id.* (quoting Section 1303(b) of the RTKL, 65 P.S. § 67.1303(b)). This Court has concluded that this language "was not intended to restrict a reviewing court's scope of review. . . . [It] was [merely] intended to describe the record to be certified by the OOR to a reviewing court." *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 822 (Pa. Cmwlth. 2010) (*Bowling I*); *see also Bowling II*, 75 A.3d at 474 (quoting *Bowling I*). After granting an appeal, our Supreme Court agreed, holding that this Court's scope of review of an OOR determination is plenary, constituting "the broadest scope of review," and that we have authority to expand the record as needed to fulfill our statutory role. *Bowling II*, 75 A.3d at 476-77.

**B. OOR's Dismissal of Requester's Appeal**

As recited above, the OOR dismissed Requester's appeal to that agency because Requester failed to provide the OOR with his Request and a full copy of the PSP's response. The OOR's final determination concluded that "the appeal is not sufficient and without these documents, the OOR does not have a complete record upon which to base its determination. Additionally, the OOR would be unable to present a complete record on appeal to an appellate court as required by Section 1303(b) of the RTKL." Certified Record (C.R.), Ex. 6 at 2. We disagree.

The OOR's record reflects that Requester's appeal described his Request very specifically as seeking PSP records concerning a January 8, 2010 incident involving Pamela L. Tunstall and Evelyn Tunstall that was "deemed suicide attempts [sic]" and "any records related to the death of Pamela L. Tunstall on Jan[.] 8[,] 2010 deemed a suicide . . . ." C.R., Ex. 1 at 2. Further, Requester's submitted "Request to Participate" form before the OOR specifically described the record at issue as the PSP's "A06-1662793 PSP Non[-]Traffic Death Report . . . ." *Id.*, Ex. 5 at 3. Thus, Requester submitted documents to the OOR that specifically described the information sought in the Request and thereby provided the OOR with sufficient information concerning the Request to allow the OOR to conduct an effective review on appeal. Accordingly, a copy of the Request itself was unnecessary. *See Dep't of Revenue v. Flemming* (Pa. Cmwlth., No. 2318 C.D. 2014, filed Aug. 21, 2015),[2] slip op. at 4-5 (explaining that OOR review requires only the original content of the RTKL request at issue, not "submission of an identical copy of a request in the

---

[2] This unreported opinion is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

original format"); [3] Byrd, No. AP 2023-1180, 2023 PA O.O.R.D. LEXIS 1354, at *1 & *5 (OOR, June 16, 2023) (declining to dismiss an appeal to the OOR where the requester failed to include a copy of the RTKL request but the responding agency summarized the request in its response, such that "the OOR had the requisite information before it to properly [determine] the merits of the case"); Bassett, No. AP 2019-2363, 2019 PA O.O.R.D. LEXIS 2073, at *5 & *8 (OOR, Dec. 23, 2019) (concluding that the record before the OOR was sufficient despite the requester's failure to submit a copy of the request, where the agency's response recited each request item); Revell, No. AP 2019-1997, 2019 PA O.O.R.D. LEXIS 1675, at *4 (OOR, Nov. 22, 2019) (determining that the record before the OOR was sufficient under the RTKL where the requester did not include a copy of the request with the OOR appeal but the responding party quoted the request in its response).

The OOR's record was also sufficient concerning PSP's response to the Request to allow the OOR to conduct its review on appeal. Although Requester, in response to the OOR's directive to provide the PSP's response to his Request, submitted only the first page of the PSP's verification of the response, the verifying Open Records Officer asserted on that page, in pertinent part:

> 3. In response to the attached [R]equest, my searches revealed the responsive record designated PSP Non-Traffic Death Investigation Report No. A06-1662793.
>
> 4. I personally examined PSP Non-Traffic Death Investigation Report No. A06-1662793 and its component records and determined it was created to document the

---

[3] In *Department of Revenue v. Flemming* (Pa. Cmwlth., No. 2318 C.D. 2014, filed Aug. 21, 2015), this Court discussed the sufficiency of an OOR record in relation to the OOR's interim guidelines requiring submission to the OOR of the RTKL request made to the underlying agency. Although no interim guidelines are involved here, our analysis in *Flemming* is persuasive concerning the sufficiency of the OOR's record to allow its review where the content of a request is included, regardless of whether an exact copy of the request itself has been provided.

results of actions taken by Trooper Richards, throughout the course of a noncriminal investigation. Furthermore, PSP Non-Traffic Death Investigation Report No. A06-1662793:

> a. contains "personal identification information";
>
> b. entirely relates to a non[]criminal PSP investigation;
>
> c. contains a non[]criminal complaint submitted to the PSP;

C.R., Ex. 5 at 5. Thus, the verification page Requester provided to the OOR was sufficient to confirm that the record at issue was specifically PSP Non-Traffic Death Investigation Report No. A06-1662793 and that the PSP was asserting at least three bases on which the requested information was exempt from disclosure under the RTKL. As explained in the merits discussion below, at least one of those bases, the investigative exemption, was facially sufficient to support the PSP's denial of the Request. No more complete information was necessary.

Moreover, the OOR's suggestion that the record before this Court would be incomplete without the missing documents does not support the OOR's dismissal of Requester's appeal. The OOR's record is sufficient for this Court's review for the same reasons that it was sufficient for the OOR's review. Further, as discussed above, this Court has authority to supplement the record as we determine is necessary for our *de novo* review of an OOR determination. *Bowling II*, 75 A.3d at 476-77. Thus, we are not limited to the record forwarded by the OOR. (Indeed, here, both parties sought to supplement the record before this Court.) Therefore, the OOR should not have based its dismissal of Requester's appeal on any perceived incompleteness of the record that would be before this Court in the event of a further appeal.

6

For these reasons, we conclude that the OOR should not have dismissed Requester's appeal on the basis of an incomplete record.

### C. The PSP Application

In the PSP Application, the PSP seeks to add to the record in this Court the Request, the PSP's response, and the accompanying verification regarding that response. These are the very documents the OOR directed Requester to provide in order for the OOR to make a determination on Requester's appeal to the OOR. As explained above, this Court reviews an OOR determination *de novo*, issuing its own findings of fact and conclusions of law, and we have authority to expand the record as necessary in order to do so. *Bowling II*, 75 A.3d at 476-77. The documents the PSP seeks to add to the record are relevant to Requester's appeal. Even though, as discussed below, the supplemental documents would not have been necessary to the OOR's determination and are not necessary to this Court's disposition of Requester's appeal, they are, nonetheless, relevant documents, and they are also statutorily required to be included as part of the record. *See* 65 P.S. § 67.1303(b). Therefore, we grant the PSP Application.

### D. Requester's "Motion for Case Status"

As set forth above, Requester also filed an application for relief. That application was in the form of a "Motion for Case Status" in which Requester asserted an unspecified inconsistency between his records and the agency record as certified to this Court by the OOR. Requester asked to supplement the record. In light of our conclusions above that the OOR had a sufficient record for review and that the PSP's request to supplement the record is granted, there is no additional

7

information needed by this Court for disposition of this matter. Further, Requester has not explained what information he proposes to add or how any such information would support his appeal here.

Additionally, although Requester's application for relief is not clear, he appears to question whether a reproduced record is necessary. However, after this Court issued an order directing him to file his reproduced record, Requester did file a reproduced record in this Court. Notably, the reproduced record includes material not contained in the OOR's record, most significantly the second page of the PSP verification of its response to the Request (which Requester previously contended he had not received from the PSP).[4] Requester has not specified what, if any, other documents he believes should be added to the record. To the extent that he has included in the reproduced record the material that he was seeking to add to the record, Requester's further supplementation of the record is not necessary.

For these reasons, we conclude that Requester's "Motion for Case Status" is moot. Accordingly, it is denied.

## E. Merits of Requester's Appeal

Having determined that the OOR incorrectly dismissed Requester's appeal without addressing its merits, we must determine whether to remand this matter to the OOR for a determination on the merits or to address the merits as part of our *de novo* review.

---

[4] As a general rule, a party may not include in the reproduced record any material not part of the official record. "A document does not become part of the certified record by the mere expedient of including it in the reproduced record." *Kochan v. Commonwealth*, 768 A.2d 1186, 1189 (Pa. Cmwlth. 2001). Here, however, the PSP Application, which we have granted as discussed above, also includes the entire verification of the PSP response to the Request.

In *Barnett v. Department of Public Welfare*, 71 A.3d 399 (Pa. Cmwlth. 2013), this Court, after determining that the OOR had improperly dismissed an appeal without issuing a determination on the merits, vacated the OOR's dismissal and remanded the matter to the OOR with a directive to address the merits. *Id.* at 402. The underlying agency in *Barnett* argued that a remand was needed because the OOR should address the merits administratively in the first instance, while the requester argued that this Court's *de novo* review, as analyzed in *Bowling I*, gave us authority, functioning as a trial court, to address the merits without a remand to the OOR. *Id.* at 406 (citing *Bowling I*). This Court cited Section 1102(a) of the RTKL, providing for an OOR appeals officer to schedule the parties' submission of documents in support of their positions, review all submitted information, and issue a final determination. *Id.* at 407 (citing 65 P.S. § 67.1102(a)). We also relied on Section 1101(b)(3), providing that the OOR may hold a hearing before issuing a final determination. *Id.* (citing 65 P.S. § 67.1101(b)(3)). We opined that "these provisions indicate that the General Assembly intended that an [OOR] appeals officer generally have the opportunity to consider the merits of an appeal before a final determination is issued." *Id.* Accordingly, we remanded the matter to allow the OOR to issue a determination on the merits. *Id.*

However, our decision to remand the matter in *Barnett* was specific to that case and did not hold that a remand would automatically be necessary upon a conclusion that the OOR erred in failing to address the merits of an appeal. As this Court explained in *Bowling I*, if the OOR record is insufficient, a reviewing court may choose to supplement an OOR record by accepting additional documentation or "through hearing or remand" and that "a court reviewing an appeal from the OOR under the [RTKL] should consider the manner of proceeding most consistent with

9

justice, fairness and expeditious resolution." *Bowling II*, 75 A.3d at 460-61 (citing and quoting *Bowling I*, 990 A.2d at 822-23) (additional quotation marks omitted) (brackets in *Bowling II*); *see also Pa. State Police v. Off. of Open Recs.*, 5 A.3d 473, 277 (Pa. Cmwlth. 2010) (quoting *Bowling I*).

Here, unlike in *Barnett*, we conclude that under the specific circumstances presented in this case, consideration of the merits of the appeal by this Court, rather than a remand to the OOR, would be most consistent with justice, fairness, and expeditious resolution of this matter. As explained further below, the record before the OOR was facially sufficient to have allowed a determination on the merits even though it lacked exact copies of the Request, the PSP's response to the Request, and the PSP's verification of its response. However, all of those documents, in addition to the OOR record, are now before this Court through our grant of the PSP Application. Thus, we have before us a somewhat more fulsome record than was before the OOR. We conclude that a remand to the OOR in the circumstances presented here would not be useful and would unduly delay the ultimate disposition of this matter.[5]

Moreover, this Court decided *Barnett* without the benefit of our Supreme Court's opinion in *Bowling II*, which was issued a few months after *Barnett*. In *Bowling II*, our Supreme Court granted an appeal specifically to decide the appropriate scope and standard of review to be applied by a court reviewing an OOR determination. In analyzing that issue, our Supreme Court stressed that the OOR *may* hold a hearing, but is not required to do so, and that its refusal to do so is not appealable. *Bowling II*, 75 A.3d at 457 (citing Sections 1101(b)(3) & 1102(a)(2)

---

[5] In reaching this conclusion, we are not altering our established framework for legal analysis in determining whether to remand to the OOR or dispose of an appeal on its merits; nor are we implying any preference toward a merits disposition rather than a remand to the OOR.

of the RTKL, 65 P.S. §§ 67.1101(b)(3) & 67.1102(a)(2)).  Further, if the OOR fails to issue a final determination within 30 days, the appeal is deemed denied.[6]  *Id.* at 457 & 471 (citing Section 1101(b)(2) of the RTKL, 65 P.S. § 67.1101(b)(2)).  The OOR's determination is a final order, and no further administrative process is provided.  *Id.* (citing Section 1101(b)(3) of the RTKL, 65 P.S. § 67.1101(b)(3)).  Our Supreme Court further stressed that a reviewing court must issue its own findings of fact and conclusions of law.  *Id.* at 458 (citing Sections 1301(a) & 1302(a) of the RTKL, 65 P.S. §§ 67.1301(a) & 67.1302(a)).[7]  Indeed, the Supreme Court expressly observed that "findings of fact under the RTKL are mentioned **only** in connection with the [reviewing] courts, not in connection with the [OOR] appeals officers."  *Id.* at 469 (emphasis original) (citing Section 1301(a) of the RTKL, 65 P.S. § 67.1301(a) (providing that the decision of a reviewing court shall contain findings of fact and conclusions of law)).  The Supreme Court further explained that the OOR issues "determinations," not "adjudications," that the OOR is not required to provide any stenographic record if it holds a hearing, and that "the criteria required for a due process administrative adjudication are those criteria – or similar criteria – set forth in Chapter 5 of Title 2,[8] which, under Section 1309 of the RTKL, are inapplicable

---

[6] We also observe that if the OOR's dismissal would require an automatic remand for consideration of the merits, a deemed denial, which would also result in failure to address the merits, would, by analogy, also mandate an automatic remand.  If that were the case, the deemed denial provision in the RTKL would be meaningless; there would be no point to a statutory provision for a deemed denial by the OOR if a reviewing court on appeal could do nothing but send the matter right back to the OOR.

[7] Our Supreme Court also observed that a reviewing court may adopt the OOR's findings and conclusions, if any, as its own, where appropriate.  *Bowling II*, 75 A.3d at 473.  However, nothing in that statement obviated the requirement for a court to conduct its own *de novo* review.

[8] 2 Pa.C.S. §§ 501-593, governing administrative practice and procedure.

to proceedings before RTKL appeals officers unless adopted through regulation."[9]

*Id.* at 471 (citing 65 P.S. § 67.1309). Stated otherwise,

> [t]he RTKL does not provide for the possibility of the procedure typically practiced before the adjudicatory arm of Commonwealth agencies; rather, it provides only for determinations made by appeals officers, who themselves are not constrained by the due process formalities that apply to traditional agency determinations and who are not subject to further agency review.

*Id.* at 472.[10] As stated above, our Supreme Court "conclud[ed] that under the RTKL [reviewing] courts are the ultimate finders of fact and that they are to conduct full *de novo* reviews of appeals from decisions made by RTKL appeals officers . . . ." *Id.* at 474. Thus, our Supreme Court's analysis in *Bowling II* does not support an automatic remand in every instance where the OOR erroneously dismisses an appeal without reaching the merits.

---

[9] As our Supreme Court observed, "the OOR, has not adopted regulations similar to the provisions found in Chapter 5 of Title 2; rather, it has only adopted 'Interim Guidelines' that do not constitute duly promulgated regulations." *Bowling II*, 75 A.3d at 471 n.20.

[10] Our Supreme Court also rejected "the OOR's concerns that the functions of the appeals officers may be rendered superfluous and that the expeditious resolution of disputes will be jeopardized . . ." by a reviewing court's *de novo* review; the Supreme Court "conclude[d] that these concerns are largely misplaced." *Bowling II*, 75 A.3d at 473. The Supreme Court explained:

> Our administrative agency decision-making process generally relies heavily upon a multi-tiered system, where initial determinations are made by a hearing officer or examiner, whose decision becomes final if there is no further appeal. Should there be an appeal, however, then the agency head is typically charged with making a *de novo* review. This system, which stands in stark contrast to the current system under the RTKL that has only one level of administrative scrutiny, in no manner makes the initial agency determination redundant or superfluous.

*Id.*

For these reasons, we find *Barnett* distinguishable and decline to remand this matter in reliance on the outcome of *Barnett*.[11] Accordingly, we will proceed to consider the merits of Requester's appeal.

This Court has explained:

A record in the possession of a Commonwealth agency shall be presumed to be a public record. RTKL Section 305(a), 65 P.S. § 67.305(a). This presumption shall not apply if the requested record is exempt under the RTKL, is exempt from disclosure under any other federal or state law or is protected by a privilege. *Id.* "An agency bears the burden of proving, by a preponderance of the evidence, that a record is exempt from disclosure under one of the enumerated exceptions." *Brown v. Pa. Dep't of State*, 123 A.3d 801, 804 (Pa. Cmwlth. 2015). "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Del*[.] *[Cnty.] v. Schaefer ex rel. Phila. Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012). However, "[e]xemptions from disclosure must be narrowly construed due to the RTKL's remedial nature . . . ." *Off*[.] *of the Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013).

RTKL Section 708(b)(17)[] exempts from disclosure "record[s] of an agency relating to a noncriminal investigation . . . ." 65 P.S. § 67.708(b)(17)[]. In order to invoke the exemption, the agency must conduct the noncriminal investigation as part of its official duties— that is, while "acting within its legislatively-granted factfinding and investigative powers." *Johnson v. Pa.*

---

[11] This Court's unreported opinions in *Kokinda v. County of Lehigh* (Pa. Cmwlth., No. 1146 C.D. 2013, filed Jan. 8, 2014), and *Diveglia v. Pennsylvania State Police* (Pa. Cmwlth., No. 1378 C.D. 2016, filed Sept. 1, 2017) are likewise distinguishable. Although both opinions postdated *Bowling II*, neither applied it. *Kokinda* relied on *Barnett* and *Bowling I* but did not include analysis of *Bowling II*. *Diveglia* cited *Bowling II* for a separate principle but, like *Kokinda*, provided no analysis of the effect of *Bowling II* on the issue presented here. In any event, to the extent that *Kokinda* and *Diveglia* may be analogous to this case, they are not binding authorities, and we do not find them persuasive under the circumstances of this case. *See* 210 Pa. Code § 69.414(a).

13

*Convention Ctr. Auth.*, 49 A.3d 920, 925 (Pa. Cmwlth. 2012).

*Pa. Liquor Control Bd. v. Perretta* (Pa. Cmwlth., No. 1470 C.D. 2018, filed Nov. 18, 2019), slip op. at 8-9.

The noncriminal investigation exemption in Section 708(b)(17) of the RTKL provides:

> (b) . . . [T]he following are exempt from access by a requester under this act:
>
> . . . .
>
> > (17) A record of an agency relating to a noncriminal investigation, including:
> >
> > > (i) Complaints submitted to an agency.
> > >
> > > (ii) Investigative materials, notes, correspondence and reports.
> > >
> > > (iii) A record that includes the identity of a confidential source, including individuals subject to the act of December 12, 1986 (P.L. 1559, No. 169), known as the Whistleblower Law.

65 P.S. § 67.708(b)(17). Although the RTKL does not define "noncriminal" or "investigation," this Court has concluded that "the word 'noncriminal' in Section 708(b)(17) is intended to signal that the exemption is applicable to investigations other than those which are criminal in nature" and that "as used in Section 708(b)(17), the term 'investigation' means a systematic or searching inquiry, a detailed examination, or an official probe." *Dep't of Health v. Off. of Open Recs.*, 4 A.3d 803, 811 (Pa. Cmwlth. 2010).

Here, the OOR's record facially showed that the RTKL's noncriminal records exemption from disclosure applied. The Request expressly sought a PSP

investigation report concerning a specific suicide, and the part of the PSP's verification supplied to the OOR by Requester was sufficient to demonstrate that the PSP had such a report, that the report related to a noncriminal investigation, and that the investigation was performed as part of the PSP's official duties. *See Sherry v. Radnor Twp. Sch. Dist.,* 20 A.3d 515, 523 (Pa. Cmwlth. 2011) (observing that because agencies are creatures of statute, they have only the authority granted by the legislature, and "[a]s such, in order for an agency to conduct any type of investigation, the investigation would necessarily be a part of the agency's official duties") (quoting *Dep't of Health*, 4 A.3d at 814 (additional quotation marks omitted); citing *Mazza v. Dep't of Transp., Bureau of Driver Licensing*, 692 A.2d 251, 252 (Pa. Cmwlth. 1997)). Accordingly, the record is facially sufficient, with or without the entirety of the PSP's verification, to demonstrate that the PSP sustained its burden to establish its entitlement to invoke the noncriminal investigation exemption from disclosure under the RTKL. *See Pa. Game Comm'n v. Fennell*, 149 A.3d 101, 104 (Pa. Cmwlth. 2016) (quoting *Off. of the Governor v. Davis*, 122 A.3d 1185, 1193-94 (Pa. Cmwlth. 2015) (*en banc*) (stating that "an affidavit may be unnecessary when an exemption is clear from the face of the record")); Bassett, 2019 PA O.O.R.D. LEXIS 2073, at *18F-*20 (concluding that the responding agency demonstrated entitlement to the noncriminal investigation exemption where the request facially related to the results of such an investigation); Revell, 2019 PA O.O.R.D. LEXIS 1675, at *11 (concluding that the responding agency met its burden to establish the noncriminal investigation exemption where the face of the RTKL request sought information concerning a noncriminal investigation conducted pursuant to the responding agency's legislatively granted investigative authority).

Moreover, our review of the full PSP verification, which is not contradicted by any other part of the record, reveals that the verification standing alone is sufficient to demonstrate the applicability of the noncriminal investigation exemption. *See Pa. Game Comm'n v. Fennell*, 149 A.3d 101 (Pa. Cmwlth. 2016) (directing consideration of uncontradicted statements in the appeal materials when determining whether an exemption applies); *Sherry,* 20 A.3d at 520-21 (explaining that reliance on the responding agency's affidavit was sufficient to support an RTKL exemption, where any contradictory evidence in the record was not relevant to that question); *Pa. State Police*, 5 A.3d at 478 (stating that reliance on the PSP's verification statement was proper in determining that an investigative record was exempt from disclosure under the RTKL); *Moore v. Off. of Open Recs.*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (concluding that the responding agency's affidavits were enough to satisfy its burden of proof); Bassett, 2019 PA O.O.R.D. LEXIS 2073, at *18 (concluding that the responding agency's uncontradicted verification was sufficient to sustain its burden of proof).

For all of these reasons, we conclude that the PSP correctly refused to disclose the record at issue.

### III. Findings of Fact and Conclusions of Law

Based on our review of the record and our discussion above, this Court issues the following findings of fact and conclusions of law.

## A. Findings of Fact

1. Requester sought information from the PSP under the RTKL by submitting the Request relating to the PSP's investigation of a 2010 non-traffic-related fatality. *See* C.R., Ex. 1 at 2.

2. The specific record Requester sought was a 2010 PSP investigation report concerning a specific 2010 suicide. C.R., Ex. 1 at 2; *see also* PSP Application, Ex. C.

3. The PSP responded by denying the Request on the basis that the information sought related to a police investigation and, as such, was exempt from disclosure under the RTKL. PSP Application, Ex. A.

4. Requester appealed the PSP's denial of the Request to the OOR. C.R., Ex. 1.

5. The OOR's record reflects that Requester's appeal described his Request specifically as seeking PSP records concerning a January 8, 2010 incident involving Pamela L. Tunstall and Evelyn Tunstall that was "deemed suicide attempts [sic]" and "any records related to the death of Pamela L. Tunstall on Jan[.] 8[,] 2010 deemed a suicide . . . ." C.R., Ex. 1 at 2.

6. Requester's submitted form "Request to Participate" before the OOR specifically described the record at issue as the PSP's "A06-1662793 PSP Non[-]Traffic Death Report . . . ." C.R., Ex. 5 at 3.

7. The OOR notified Requester that his appeal was defective because he had failed to attach copies of the Request and the PSP's full response. C.R., Ex. 3 at 2.

17

8. Requester, in response to the OOR's directive to provide the PSP's response to the Request, submitted only the first page of the PSP's verification of the response and did not forward a copy of the Request. *See* C.R., Ex. 5 at 5.

9. On the page of the PSP verification which Requester provided to the OOR, the PSP's verifying Open Records Officer asserted, in pertinent part:

> 3. In response to the attached [R]equest, my searches revealed the responsive record designated PSP Non-Traffic Death Investigation Report No. A06-1662793.
>
> 4. I personally examined PSP Non-Traffic Death Investigation Report No. A06-1662793 and its component records and determined it was created to document the results of actions taken by Trooper Richards, throughout the course of a noncrimimal investigation. Furthermore, PSP Non-Traffic Death Investigation Report No. A06-1662793:
>
> > a. contains "personal identification information;"
> >
> > b. entirely relates to a non[]criminal PSP investigation;
> >
> > c. contains a non[]criminal complaint submitted to the PSP;

C.R., Ex. 5 at 5.

10. The OOR then reviewed the record and dismissed Requester's appeal on the basis of its conclusion that without the Request and the full PSP response to the Request, the record lacked sufficient information for a determination on the merits. C.R., Ex. 6 at 2.

11. The OOR's final determination concluded that "the appeal is not sufficient and without these documents [and] the OOR does not have a complete record upon which to base its determination. Additionally, the OOR would be

18

unable to present a complete record on appeal to an appellate court as required by Section 1303(b) of the RTKL." C.R., Ex. 6 at 2.

12. On appeal to this Court, Requester argues that he received only the first page of the PSP's verification and could not provide the OOR with documents he had not received. Br. of Pet'r at 3.

13. In the PSP Application, the PSP proposes to add to the record in this Court the Request, the PSP's response, and the PSP's complete accompanying verification regarding that response. *See generally* PSP Application.

14. The documents the PSP seeks to add to the record are the same documents the OOR directed Requester to provide in order for the OOR to make a determination on Requester's appeal to the OOR. *See* C.R., Ex. 3 at 2; PSP Application, Exs. A-C.

**B. Conclusions of Law**

1. The OOR's determination was a final order, and no further administrative process is provided under the RTKL.

2. The record before the OOR was facially sufficient to have allowed the OOR to make a determination on the merits even though the record lacked exact copies of the Request, the PSP's response to the Request, and the PSP's verification of its response.

3. The OOR should not have dismissed Requester's appeal on the basis of an incomplete record for the OOR's review.

4. The OOR should not have based its dismissal of Requester's appeal on any perceived incompleteness of the record that would be before this Court in the event of a further appeal.

5. On appeal from a final determination of the OOR, this Court's standard of review is *de novo* and its scope of review is plenary.

6. This Court has authority to supplement the record as we determine is necessary for our *de novo* review of an OOR determination.

7. Even though the supplemental documents submitted to this Court by the PSP would not have been necessary to the OOR's determination and are not necessary to this Court's disposition of Requester's appeal, they are, nonetheless, relevant documents, and they are also statutorily required to be included as part of the record.

8. Under the RTKL, reviewing courts are the ultimate finders of fact and are to conduct full *de novo* reviews of appeals from decisions made by RTKL appeals officers and issue findings of fact and conclusions of law.

9. The record is facially sufficient, with or without the entirety of the PSP's verification, to demonstrate to this Court that the PSP sustained its burden to establish its entitlement to invoke the noncriminal investigation exemption from disclosure under the RTKL.

a. The OOR's record facially showed that the part of the PSP's verification supplied to the OOR by Requester was sufficient to demonstrate that the PSP had a report responsive to the Request, that the report related to a noncriminal investigation, and that the investigation was performed as part of the PSP's official duties.

b. The word "noncriminal" in Section 708(b)(17) is applicable to investigations other than those which are criminal in nature.

20

c. As used in Section 708(b)(17), the term "investigation" means a systematic or searching inquiry, a detailed examination, or an official probe.

10. A remand to the OOR in the circumstances presented here would not be useful and would merely delay unduly the ultimate disposition of this matter; under the specific circumstances presented in this case, consideration of the merits of the appeal by this Court, rather than a remand to the OOR, would be most consistent with justice, fairness, and expeditious resolution of this matter.

## IV. Conclusion

Based on the foregoing discussion, findings of fact, and conclusions of law, we grant the PSP's request to supplement the record. We vacate the OOR's dismissal of Requester's appeal. Upon *de novo* review of the merits of Requester's appeal, we conclude that the PSP correctly refused to produce the requested information, which is exempt from RTKL disclosure as a record of a noncriminal investigation. Accordingly, we affirm the PSP's denial of the request. We deny, as moot, Requester's application for relief in the form of a "Motion for Case Status."

_____
CHRISTINE FIZZANO CANNON, Judge

21

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Paul,                                              :
                      Petitioner          :
                                     :
              v.                                      :
                                      :
Pennsylvania State Police                 :
(Office of Open Records),                  :    No. 56 C.D. 2025
                     Respondent      :

# **O R D E R**

AND NOW, this 1st day of June, 2026, the application for relief of Respondent, the Pennsylvania State Police (PSP), in the form of a motion to supplement the record is GRANTED.  The dismissal by the Office of Open Records (OOR) of the appeal of Petitioner, Jason Paul (Requester), to the OOR is VACATED.  The PSP's determination denying the request for information submitted by Requester under the Right-to-Know Law, Act of February 14, 2008, P.L. 6, *as amended*, 65 P.S. §§ 67.101-67.3104. is AFFIRMED.  Requester's application for relief in the form of a "Motion for Case Status" is DENIED as moot.

 

                                             _____

                                         CHRISTINE FIZZANO CANNON, Judge